### RIPPERGER v. ALLYN et al.

District Court, S. D. New York.
June 27, 1938.

Jacob K. Javits and Percival E. Jackson, both of New York City, for plaintiff.

Cravath, de Gersdorff, Swaine & Wood, of New York City, for defendant Bancamerica-Blair Corporation.

PATTERSON, District Judge.

The suit is one in equity by the receiver of United States Electric Power Corporation for an accounting and other relief against a large number of defendants. The present motion is by the defendant Bancamerica Blair Corporation to dismiss the bill as for failure to state a cause of action against that defendant.

The fourth count, the only count wherein liability against the Blair company is alleged, consists of these averments: Certain

defendants who were security dealers caused the organization of the corporation of which the plaintiff is receiver and controlled its business at all times, electing the directors and dominating them, with the result that the directors acted not in the best interests of the corporation but always for the individual interests of the security dealers. The directors, in the interest of the security dealers and not of the corporation, caused the corporation to purchase certain stock at an excessive price and to issue corporate notes for $15,000,000 in part payment. Later the corporation obtained bank loans to pay off the notes and in arranging for renewal of the bank loans was obliged to pledge its entire assets as security for the loans. In April, 1934 and later demand notes held by banks totalled $12,000,000, and the collateral had a value in excess of $3,569,200. The Blair company is not alleged to have taken any part in the transactions already mentioned but is said to have had knowledge of them. The bill then proceeds to allege that in April, 1936 the banks notified the corporation of their intention to sell the notes at public auction; that the directors of the corporation made no attempt to prevent the sale or to reacquire the notes or collateral, because the security dealers had agreed with the Blair company to purchase the notes and obtain the collateral for their own benefit and had advised the directors to that effect; that in May, 1936 the security dealers and the Blair company did purchase the notes and collateral for $3,000,000, later selling the collateral and netting more than the price paid. An accounting of the profits is demanded.

On the facts pleaded, the liability of the Blair company to account for profits turns on whether the security dealers with whom it associated itself in the purchase of the notes and collateral violated a fiduciary duty owed to the corporation. The Blair company is alleged to have had full knowledge of the control over corporate affairs exerted by the security dealers and of their course of conduct in using such control for their individual advantage. One who knowingly joins a fiduciary in an enterprise where the personal interest of the latter is or may be antagonistic to his trust becomes jointly and severally liable with him for the profits of the enterprise. Irving Trust Co. v. Deutsch, 2 Cir., 73 F.2d 121.

The security dealers were not directors of the corporation. But the charge is made that the directors always did their bidding and acted for their individual interests. If this is true, the security dealers were in fact the managers of the corporate affairs and stood in a fiduciary relationship to the corporation equivalent to that of directors and officers. Southern Pacific Co. v. Bogert, 250 U.S. 483, 39 S.Ct. 533, 63 L.Ed. 1099; Kavanaugh v. Kavanaugh Knitting Co., 226 N.Y. 185, 123 N.E. 148.

Directors and those who occupy a similar relation to a corporation may buy up claims held by strangers against it or may purchase from others liens on corporate property without accountability for profits, when the transaction is fair to the corporation and involves no competition with it. The prohibition applicable to strict trustees does not cover such a case. In re New York Railways Corporation, 2 Cir., 82 F.2d 739; Seymour v. Cemetery Assn., 144 N.Y. 333, 39 N.E. 365, 26 L.R.A. 859; see Twin-Lick Oil Co. v. Marbury, 91 U.S. 587, 23 L.Ed. 328; McKittrick v. Arkansas Central Railway, 152 U.S. 473, 14 S.Ct. 661, 38 L.Ed. 518. There is no immunity, however, where the failure of the debtor company to buy up the claims for itself was brought about by the fact that the directors or others in control wished to acquire them for themselves. This, as I see it, is the substantial distinction between the Deutsch Case and the New York Railways Case, both decided recently by the Circuit Court of Appeals of this circuit. In the present case the inaction of the corporation is alleged to have been due simply to the fact that those in control of the corporation had advised the directors that they intended to act in their own interest. The pleader is entitled to the inference that but for such advice the directors would have accomplished something, however unfavorable the situation on its face. A cause of action is stated. Whether the facts alleged can be proved on the trial is of course another matter.

The motion to dismiss for insufficiency to state a cause of action will be denied.