## RIPPERGER v. A. C. ALLYN & CO., Inc., et al.

District Court, S. D. New York.

May 1, 1940.

See, also, D.C., 37 F.Supp. 375.

Jacob K. Javits and Percival E. Jackson, both of New York City, for plaintiff.

Claire W. Hardy, of Chicago, Ill., for defendant A. C. Allyn & Co., Inc.

Sullivan & Cromwell, by John C. Bruton, Jr., all of New York City, for defendant Schroder-Rockefeller & Co., Inc.

Sullivan & Cromwell, by John C. Bruton, Jr., all of New York City, for defendant First Boston Corporation.

GODDARD, District Judge.

(I)  Defendants A. C. Allyn & Co., Inc., and First Boston Corporation have made motions to dismiss the complaint as against them on two grounds:  (a) That a prior order dismissing similar complaints against them on the ground of improper venue is res judicata;  (b) that similar actions by the plaintiff are pending in the United States District Courts for the Districts of Delaware and Massachusetts, and that this court should accordingly decline jurisdiction of this action.

Plaintiff is a receiver appointed by the Circuit Court of Baltimore City and is a resident and citizen of the State of Maryland.  The moving defendants are incorpo-

rated in the States of Delaware and Massachusetts respectively. They were originally named as defendants in action No. E 87—20 which is still pending in this district as to the other defendants and which, it is anticipated, will be reached for trial this coming Autumn. But by final order dated June 13, 1938, action No. E 87—20 was dismissed as to defendant, First Boston Corporation, and by order dated June 8, 1938, it was dismissed as to defendant, A. C. Allyn & Co., Inc., on the grounds that under the provisions of section 51 of the Judicial Code, 28 U.S.C.A. § 112, the venue was improper as to them.

Plaintiff took no appeal from these orders, but after the decision of the Supreme Court in the case of Neirbo Co. v. Bethlehem Shipbuilding Corporation, 308 U.S. 165, 60 S.Ct. 153, 84 L.Ed. 167, 128 A. L.R. 1437, he began this action. It appears that prior to the inception of action No. E 87—20 and at all times since, both moving defendants have had on file a certificate of doing business in the state and have designated an agent within this state for receipt of process.

The orders of June 13, 1938, and of June 8, 1938, respectively in the prior suit are res judicata as to the right of plaintiff to bring suit against the moving defendants in this district upon the cause of action set forth in the first complaint and re-alleged in this complaint. No new material facts are alleged in the complaint in the second suit. This court decided that it did not have jurisdiction and a judgment to that effect was entered. No appeal was taken so that judgment still stands. It was a judicial determination by the court upon questions of fact and law, which it had jurisdiction to decide.

The plaintiff has no right to litigate the same question twice. Baldwin v. Iowa State Traveling Men's Ass'n, 283 U.S. 522, 51 S.Ct. 517, 75 L.Ed. 1244. "The principles of res judicata apply to questions of jurisdiction as well as to other issues". American Surety Company v. Baldwin et al., 287 U.S. 156, at page 166, 53 S.Ct. 98, at page 101, 77 L.Ed. 231, 86 A.L.R. 298. In Stoll v. Gottlieb, 305 U.S. 165, at page 172, 59 S.Ct. 134, at page 137, 83 L.Ed. 104, the Supreme Court said: "After a Federal court has decided the question of the jurisdiction over the parties as a contested issue, the court in which the

plea of res judicata is made has not the power to inquire again into that jurisdictional fact". See also United States v. Moser, 266 U.S. 236, 45 S.Ct. 66, 69 L.Ed. 262; Chicot County Drainage District v. Baxter State Bank, 308 U.S. 371, 60 S.Ct. 317, 84 L.Ed. 329; Glackin v. Zeller, 52 Barb., N.Y., 147.

While a dismissal of an action on the sole ground that the court has no jurisdiction of the subject matter or of the parties is a conclusive determination of the fact that the court lacks jurisdiction, it is not an adjudication of the merits and will not bar another action in the proper tribunal for the same cause; nor will it bar a second suit where the pleader in the prior suit failed to allege some essential jurisdictional fact which later is supplied in a new pleading. It is quite true that if a suit be dismissed solely for lack of jurisdiction because there is no diversity of citizenship between plaintiff and defendant, that plaintiff may bring suit on the same cause of action in the same district if he subsequently becomes a citizen of another state so that diversity of citizenship then exists between plaintiff and defendant; and the dismissal of the first suit is not a bar to the second in the same court. But in such subsequent suit a different state of facts is presented which alters the situation and calls for a new determination by the court. Cf. Gilmer v. City of Grand Rapids, C.C., 16 F. 708.

In the light of the decision of the Supreme Court in Neirbo v. Bethlehem Shipbuilding Corporation, supra, it may be unfortunate for the plaintiff that he did not take an appeal from the first judgment, but not having done so he is now precluded from raising all objections which were then available to him. Chicot County Drainage District v. Baxter State Bank, supra.

To support his contention the plaintiff relies upon Smith v. McNeal, 109 U.S. 426, 3 S.Ct. 319, 27 L.Ed 986, and Bunker Hill & Sullivan Mining & C. Co. v. Shoshone Mining Co., 9 Cir., 109 F. 504. In Smith v. McNeal the complaint was dismissed for lack of jurisdiction because of the plaintiff's failure to allege an essential jurisdictional fact. In a later suit this omission was corrected and the court in the second suit held that, this omission having been supplied, a judgment in the prior suit was not a bar to the second suit. The

Bunker Hill & Sullivan Mining & C. Co. case seems to go no further than to say that a dismissal for want of jurisdiction is not a judgment on the merits and does not prevent the plaintiff from subsequently prosecuting his action in a court authorized to entertain it.

The motion of the First Boston Corporation and A. C. Allyn & Co., Inc., to set aside the attempted service of the summons and complaint upon them and to dismiss the complaint as to them should be granted.

■ (II) Defendant, Schroder-Rockefeller & Co., Inc., moves to dismiss on the ground that the complaint fails to state a cause of action against it upon which relief can be granted. In the alternative, to require plaintiff to furnish a more definite statement of the causes of action alleged against it, or to furnish a bill of particulars supplying certain information so that it may properly prepare its answer. Schroder-Rockefeller & Co., Inc., is sought to be held liable only for the facts alleged in the Fourth cause of action of the complaint and the sufficiency of a similar Fourth cause of action has been upheld by Judge Patterson, and Judge Leibell, in opinions dated June 27, 1938, and July 26, 1938, respectively. See Ripperger v. Allyn, D.C., 25 F.Supp. 554; Id. ——F.Supp. ——. However, the facts are not the same; there is this difference in the situation with respect to Schroder-Rockefeller & Co., Inc., and the defendants who tested the complaint before Judge Patterson and before Judge Leibell. The last wrongful act for which the moving defendants are sought to be held liable is alleged to have occurred on May 21, 1936, and Schroder-Rockefeller & Co., Inc., was not incorporated and did not come into existence until July 7, 1936. I think, therefore, that as to this defendant the complaint as it stands fails to clearly state a claim against defendant, Schroder-Rockefeller & Co., Inc., on which relief may be awarded, and the motion to dismiss should be granted with leave to plaintiff to amend.

The motions of defendants, A. C. Allyn & Co., Inc., and of First Boston Corporation, to dismiss the complaint as to each of them, is granted.

The motion of defendant, Schroder-Rockefeller & Co., Inc., to dismiss the complaint is granted with leave to plaintiff to amend his complaint.

Settle orders on notice.