RIPPERGER v. SCHRODER–ROCKE-
FELLER & CO., Inc.

District Court, S. D. New York.
Nov. 15, 1940.

Jacob K. Javits and Percival E. Jackson, both of New York City, for plaintiff.

Sullivan & Cromwell, of New York City (John C. Bruton, Jr., of New York City, of counsel), for defendant.

LEIBELL, District Judge.

This is a motion by the defendant to dismiss an amended complaint on the ground that it fails to state a claim upon which relief can be granted, Rule 12 (b) (6), Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c; in the alternative, for a more definite statement of the cause of action or a bill of particulars, Rule 12 (e), F.R.C.P.

In an opinion dated May 1, 1940, 37 F.Supp. 373, Judge Goddard dismissed the original complaint as against this defendant on the ground that all the alleged wrongful acts occurred on or before May 21, 1936, and Schroder-Rockefeller & Co., Inc., was not incorporated and did not come into existence until July 7, 1936. Judge Goddard granted leave to plaintiff to file an amended complaint. The amended complaint was filed August 9, 1940.

Plaintiff is the receiver of the United States Electric Power Corporation. The amended complaint sets forth an alleged scheme or plan whereby the J. Henry Schroder Banking Corporation, the Hydro-Electric Securities Corporation, and various other partnerships and corporations obtained the profitable underwriting business of the Standard Gas and Electric Company and the Standard Power and Light Corporation, their affiliates and subsidiaries. It is alleged that this was accomplished by means of the intentional mismanagement of the United States Electric Power Corporation, by their control of the directors and trustees through a majority stock interest. The last alleged wrongful act, whereby the underwriting business was obtained by the group, occurred on May 21, 1936, and they agreed to divide the business among themselves.

The amended complaint alleges that from and after July 1936 (the "1930" in paragraph 30th of the amended complaint is a typographical error), the defendant, Schroder-Rockefeller & Co., Inc., whose principal stockholders are J. Henry Schroder Banking Corporation and Hydro-Electric Securities Corporation, with knowledge of all the facts, joined the aforementioned group and participated in the underwriting as a member of the group and as a designee and beneficiary of the interest of the J. Henry Schroder Banking Corporation in the underwriting, pursuant to the alleged agreement of division. An accounting is sought for all commissions, moneys and profits realized by the defendant from the underwriting of securities of Standard Gas and Electric Company and Standard Power and Light Corporation and their subsidiaries, and judgment is asked for any amount found due.

The sufficiency of the allegation in similar causes of action has been upheld as against other members of the group allegedly engaged in this scheme. See, Ripperger v. Allyn, D.C., 25 F.Supp. 554, 555, decision of Judge Patterson, dated June 27, 1938, and decision of Judge Leibell, dated July 26, 1938, 37 F.Supp. 369. I believe the amended complaint herein is sufficient. The mere fact that the defendant did not come into existence until after the last wrongful act had been consummated is of no importance in view of the allegations that this defendant joined with the other participants with full knowledge of the acts and conduct of the group and as the designee of the J. Henry Schroder Banking Corporation, a member of the group.

Further the amended complaint alleges that Bruno Schroder and John L. Simpson were officers, directors and the principal stockholders of both the defendant and the J. Henry Schroder Banking Corporation. It would be anomalous indeed if a person or group of persons could, through the agency of their own newly created corporation, acquire certain benefits of their alleged wrongdoing, without any resulting liability on the part of their corporate "designee". As stated by Judge Patterson in Ripperger v. Allyn, supra: "One who knowingly joins a fiduciary in an enterprise where the personal interest of the latter is or may be antagonistic to his trust becomes jointly and severally liable with him for the profits of the enterprise. Irving Trust Company v. Deutsch, 2 Cir., 73 F.2d 121."

Defendant contends that the amended complaint is insufficient because it fails to allege that the underwriting for which accounting is sought could have been done by the United States Electric Power Corporation. It cites the case of Singer v. Carlisle, — Misc. —, 26 N.Y.S.2d 172, decided by Mr. Justice Shientag of the New York Supreme Court. There the cause of action was based upon the diversion of underwriting business from two corporations to other banking interests who held the majority control of the two corporations. The court properly held that it was necessary that the complaint separately enumerate the specific transactions in which the diversion occurred and show that the two corporations alleged to have been injured were capable of doing the underwriting.

The instant case is quite different. The theory is that the alleged group of wrongdoers intentionally mismanaged the corporation and caused it to act improvidently, that as a result it became insolvent and they were thus able to buy up its investment portfolio which included control of the very profitable underwriting business of Standard Gas and Standard Power. After this had been accomplished the defendant, with knowledge of what had been done, joined the group, and as an agent or designee of at least one of the group, obtained a portion of the fruits of the wrongdoing in the underwriting of the Standard Gas and Standard Power system. The defendant is asked to account for what it thus received.

On a motion of this kind the plaintiff is entitled to the most favorable inferences to be drawn from the facts pleaded.

I must take the pleading as I find it. It may be that some of the allegations appear rather far-fetched and that the evidence at the trial will not support them. But if wrongdoing is alleged and this defendant is charged with having participated knowingly in the final stages of the scheme and to have received part of the alleged spoils for and on behalf of at least one of the wrongdoers, I cannot say that the amended complaint fails to state a claim on which relief can be granted. The motion to dismiss the amended complaint is accordingly denied.

As to the alternative relief, there are no specifications of any lack of definiteness in the allegations of the amended complaint which require a more definite statement; there are no references to any particular paragraphs, or allegations thereof, of which a bill of particulars is necessary in order to enable the defendant to prepare its answer or prepare for trial. Rule 12(e), F.R.C.P. The demand for the bill of particulars itself lacks definiteness, which is all the more accentuated by the many paragraphs of this voluminous amended complaint.

The motion for a bill of particulars is denied, without prejudice to its renewal in proper form.

Submit order, on notice, in accordance with this opinion.