Thomas O. SPAMPINATO and Jane
Spampinato, Plaintiffs,

v.

M. BREGER & CO., Inc.

Civ. Nos. 14205, 14630.

United States District Court
E. D. New York.

Sept. 14, 1954.

Thomas and Jane Spampinato, plaintiffs, in person.

Leiman & Trace, Maspeth, N. Y., for defendant, by Jacob Leiman, Maspeth, N. Y., of counsel.

RAYFIEL, District Judge.

There are three motions before the Court. One, by the plaintiffs, is to vacate or stay all proceedings, executions and orders against the plaintiffs arising out of certain summary proceedings and actions involving premises No. 41–54 52nd Street, Woodside, Queens County, New York, heretofore commenced against the plaintiffs or either of them in the Municipal Court of the City of New York by the defendant, and to cite Jacob Leiman, Esq., its attorney, for contempt of court. The remaining two are made by the defendant; one is to dismiss the plaintiffs' petition for the removal of certain state court actions to this court, and the other, made under Rule 56 of the Federal Rules of Civil Practice, 28 U.S.C.A., is for summary judgment dismissing the plaintiffs' complaint.

After unraveling the complex statements contained in the moving papers it appears that two proceedings are pending in this court. One, Civil Number 14205, is an action commenced in this court to recover damages alleged to have been sustained by the plaintiffs by reason of a violation, by the defendant, of sections 530 and 536 of Title 50 of the U.S.C.A.Appendix. The other, Civil Number 14630, is evidently a petition for the removal to this court of certain actions commenced in the Municipal Court, City of New York.

The defendant's motion for summary judgment is addressed to Civil Number 14205. Its motion to dismiss the aforementioned petition is addressed to Civil Number 14630.

The plaintiffs' motion is brought on by order to show cause, and bears both index numbers. The affidavit on which it is based, however, refers to the removal petitions, and hence I assume that it relates to Civil Number 14630.

█ The defendant's motion to dismiss the petition for removal is granted. The actions sought to be removed thereunder have long since been terminated, both in the Municipal Court of the City of New York and the Appellate Term of the Supreme Court of the State of New York, to which appeals were taken. The twenty-day period within which removal proceedings must be commenced, pursuant to Section 1446(b) of Title 28 of the U.S.Code, has long since passed. The plaintiffs' contention that the twenty-day period began to run from the date of the service of a subpoena in supplementary proceedings upon the plaintiff, Thomas O. Spampinato, is without merit. Aside from that, however, the actions sought to be removed are not such as are covered by Section 1441 of Title 28 of the U.S.Code. They are proceedings involving landlord and tenant, and were properly brought in the Municipal Court of the City of New York. If the papers and records in these cases should be material to the plaintiffs' action for damages (Index No. 14205) they may be subpoenaed for use at the trial.

In view of the granting of defendant's motion to dismiss the petition for removal it follows that the plaintiffs' motion to stay the defendant and to cite its counsel for contempt is denied, since the petition is the basis for said motion.

█ There remains, then, the defendant's motion for summary judgment. Since it appears that there are triable issues of fact the motion is denied.