**Thomas O. SPAMPINATO et al.,
Appellants,**

v.

**M. BREGER & CO., Inc., Appellee.
No. 64, Docket 23660.**

United States Court of Appeals
Second Circuit.

Argued Oct. 7, 1955.

Decided Nov. 1, 1955.

See also, 124 F.Supp. 119.

Thomas O. Spampinato, pro se.

Jacob Leiman, Maspeth, N. Y., for appellee.

Before HAND, MEDINA and LUMBARD, Circuit Judges.

PER CURIAM.

This is an appeal from a judgment, dismissing the plaintiffs' complaint for violation of Section 530(1), Title 50, U.S.

C.A.Appendix. When the case came on for trial, the attorney for the plaintiffs waived a jury trial and stipulated the facts in substance as follows. The defendant corporation let to the plaintiffs— husband and wife—an apartment in Queens County, New York, at a monthly rental of $65. In January, 1953, the defendant began summary proceedings in the New York Municipal Court to evict the plaintiffs for failure to pay the rent for November and December, 1952, and January, 1953; but, since under the New York Emergency Rent Control the permissible rent was only $40, the plaintiffs not only answered the complaint, but filed a counterclaim for overpayment of rent. Notwithstanding this, the trial judge in the Municipal Court entered an order of eviction against the plaintiffs, and dismissed their counterclaim. This order the Appellate Term reversed on appeal, and gave judgment for the plaintiffs in the sum of $55 for overpayment of rent. On May 20, 1953, defendant began another proceeding in the same court to evict the plaintiffs, in which on June 3rd the defendant was successful, and they have in fact been evicted. The son of the plaintiffs was during all this time in the United States Navy, and had procured an allotment to his mother of $40 a month out of his pay. (The plaintiffs insist that this was later raised to over $90, and we shall so assume, though it does not appear in the stipulation.) These were the facts on which the complaint was dismissed.

 Section 530(1) does indeed forbid any eviction of a lessee in the military service by the lessor except upon application to a court, or upon leave granted in an action, and 530(2) limits the judgment that may be entered in such an action, by putting the relief to be granted in the discretion of the court; but neither subsection in any way affects the jurisdiction of the court to make such "order as may be just." Thus it follows that, when it appears that the lessee is in the "military service," the court is not ousted of its jurisdiction, but the section merely gives the court entire jurisdiction to settle the dispute as justice may require. Section 536, moreover, imposes a duty upon any "dependent" of such a lessee to make such an "application to a court." Assuming that an action for damages lies because of an eviction in violation of § 530, as the plaintiffs assert it does, it was barred by the order of the state court, as long as that order stood, because the order of a Municipal Court is *res judicata* under the law of New York. Prince v. Schlesinger, 116 App.Div. 500, 101 N.Y.S. 1031, affirmed 190 N.Y. 546, 83 N.E. 1130. The plaintiffs were obliged to secure the reversal or the cancellation of the order before they could treat the eviction as a wrong. So far as concerns the absence of their attorney's authority to stipulate the facts in this action, § 520(3) applies only to cases where it is the defendant who is a person in the "military service." Since in the case at bar the attorney was representing plaintiffs and not a defendant, the section did not apply, even though it be thought to apply to "dependents" at all.

Judgment affirmed.