Thomas O. **SPAMPINATO** and Jane B. Spampinato, Plaintiffs,

v.

M. **BREGER** & CO., Inc., Miles Breger, Dr. Guenther E. Winkler, Dr. Solomon Adelman, Dr. Max Weissman, Dr. Richard Perrault, the City of New York, Defendants.

Civ. A. No. 15045.

United States District Court
E. D. New York.
July 9, 1958.

On Motion to Dismiss and Reargue
Nov. 13, 1958.

150

Thomas O. Spampinato, in pro. per.

Martin, Clearwater & Bell, New York City, by John H. Tovey, Robert C. Heidell, Franklin Square, N. Y., of counsel, for defendant Dr. Winkler.

Leiman & Trace, Maspeth, L. I., N. Y., by Jacob Leiman, Maspeth, L. I., N. Y., of counsel, for defendants M. Breger & Co., Inc. and Miles Breger.

Peter Campbell Brown, Corporation Counsel for City of New York, New York City, by George A. Weiler, Asst. Corporation Counsel, New York City, for City of New York et al.

BYERS, Chief Judge.

This is a plaintiff's motion for leave to file an amended complaint, and is therefore to be viewed with tolerance.

However, as stated in E. I. DuPont De Nemours & Co. v. United States Camo Corp., D.C., 19 F.R.D. 495, there is a measure of discretion in connection with such an application which the court is required to exercise.

The plaintiff Thomas O. Spampinato, who appears in person, has a grievance which he has been diligent to exploit.

The proposed pleading contains seven alleged causes of action which are set forth in 94 paragraphs; thus the very bulk of the pleadings, as proposed, challenges scrutiny.

Stated in lowest terms, the present grievance of the plaintiff has to do

(a) with statements said to have been made by the defendant Miles Breger in the course of earlier litigation in the Municipal Court of the City of New York which resulted in the plaintiff's eviction for non-payment of rent. That matter came ultimately to the attention of the Court of Appeals for the Second Circuit, where the decision was adverse to the plaintiff (Spampinato v. M. Breger & Co., 226 F.2d 742);

(b) with, as the plaintiff alleges, the violation of his civil rights in connection with his having been committed to the Kings County Hospital for observation as a person whose mind was disturbed. That committal was set aside by action of the Supreme Court of the State and in consequence the plaintiff believes that he has a cause of action against four physicians and the City of New York; as to the latter, it was the activity of the Welfare Department which brought about his being committed for examination as above stated.

The disposition of the motion is as follows:

The amended complaint will be allowed to be filed upon condition that the first 34 paragraphs be withdrawn, since they have to do only with the landlord and tenant relationship which has been the subject of final adjudication; therefore it is not appropriate for reconsideration in this case.

When the foregoing has been accomplished, the complaint will then be addressed to the subject-matter above explained, and it is to be anticipated that the pleading will then be subject to further motions in order to clarify and simplify the issues, as the defendants may be advised.

Seemingly the plaintiff also seeks to compel the defendants to verify their answers. That will not be necessary in view of the provisions of Rule 11 of the Federal Rules of Civil Procedure, 28 U.S.C.A.

Seemingly also, the plaintiff desires a pretrial conference, and it may be appropriate for such to be held, but not until all motions directed to the amended pleadings shall have been disposed of.

Settle order.

### On Motions to Dismiss and to Reargue

Four motions in this protracted case were before the court on October 30, 1958, when they were taken on submission, after brief argument by plaintiff, and on behalf of the defendants Breger.

An additional motion by the plaintiff was withdrawn by him, and hence is not herein discussed.

No. 1 is to dismiss the amended complaint "verified the 9th day of June, 1958". That pleading was filed on August 1, 1958, which was subsequent to my decision of July 9, 1958, later to be referred to; the motion is made by the Corporation Counsel of the City of New York appearing also for Doctors Adelman, Weissman and Perrault.

The notice of motion is also directed to "the Supplemental Amended Complaint," verified August 16, 1958, filed two days later.

No. 2 is to dismiss the last named pleading as "not served as a matter of right or pursuant to an order of this Court" under Rule 15(a) of the F.R.C.P.

This motion is made for the defendant Dr. Winkler.

No. 3 is to dismiss as to the same defendant because of lack of jurisdiction of this court over the subject-matter.

No. 4 is a motion by the plaintiff to reargue a motion denied by me on October 8, 1958, to resettle an order signed by me on July 24, 1958, pursuant to the said decision of July 9, 1958. This motion was opposed by oral argument by Jacob Leiman, who appeared pursuant to a suggestion made by the court on October 22, 1958, when these motions were called. That suggestion was that perhaps counsel would agree to an arrangement which would have the effect of putting the plaintiff in the position of having refused to amend his complaint in the form in which it was framed, prior to having moved for leave to amend, which motion was granted conditionally, as stated in the said decision of July 9th.

On October 22nd, Mr. Leiman was not present and his representative stated that he was not authorized to consent to the suggestion of the court, and thus the motions were adjourned to October 30th.

The argument in opposition to the motion to reargue then developed the following facts, which have been confirmed by an examination of the voluminous files of the court in this case:

Under date of September 22, 1958, Judge Bruchhausen filed a memorandum decision, D.C., 176 F.Supp. 278, denying plaintiff's motion for reargument of a motion decided by Judge Zavatt on August 28, 1958, 166 F.Supp. 33, 35, which directed the Clerk to enter an order dismissing the complaint (i. e., as amended and later supplemented) as to the defendants Breger, which order was signed by the Clerk on September 2, 1958.

The motion to reargue came before Judge Bruchhausen as the result of the plaintiff's having filed under date of September 12, 1958, an affidavit of bias or prejudice against Judge Zavatt, seemingly because plaintiff did not agree with his decision.

As stated, the motion for reargument was denied, and a memorandum giving reasons for that decision was filed.

Judge Zavatt's opinion of August 28, 1958, contains a helpful discussion of the motion then before him on the part of the defendants Breger to dismiss the amended complaint and demonstrates that the plaintiff, having availed himself of the permission to file an amended complaint, did so by virtue of a pleading which omitted the first thirty-four paragraphs of his pleading which was before the court in connection with his motion to amend above referred to.

The amended pleading had to do with the defendant Miles Breger as to the First and Second causes of action, but nothing was alleged against M. Breger & Co., Inc., and consequently a motion to dismiss as to the corporation was granted without discussion.

The opinion proceeds to consider the alleged causes against Miles Breger as an individual, and finds that no cause is pleaded over which this court has jurisdiction. That view was re-examined by Judge Bruchhausen, as above stated, on the motion to reargue, and I also am in complete accord with the view expressed by Judge Zavatt.

If the plaintiff had chosen to appeal from the order of September 2nd dismissing the complaint as to the defendants Breger, he had the opportunity to do so. He may not accomplish the purpose of circumventing that decision by seeking to reargue the motion originally decided under date of July 9th, or to resettle the order entered pursuant thereto.

When I made the suggestion of October 22nd that perhaps in view of the plaintiff's non-professional status it might be well if counsel would agree in effect that the original complaint be reinstated, I was not at that time sufficiently informed of the proceedings before Judge Zavatt to understand that the order entered upon his opinion could not be dealt

with on so informal a basis; that is to say, it could not be short circuited through the medium of a suggestion to counsel which would ask them to forgo the legal position established for the defendants Breger by Judge Zavatt's decision. Indeed, I did not have the legal right to do or suggest anything which would derogate from the order entered pursuant to his decision.

The plaintiff has insisted, both orally and in writing, that I made a decision in the course of discussion with counsel which would reinstate the complaint as it existed prior to the motion decided on July 9th. That assertion is erroneous. All that was said in the course of that argument has been explained above, and if the court had gone further and made a direction as the plaintiff asserts that he did, the direction would have been erroneous and would have to be disregarded for that reason.

Since the order of Judge Zavatt effectually disposes of the amended and supplemental complaint as to the causes therein pleaded designated First and Second, the said amended and supplemental complaint has been dismissed as to the defendants Breger, and that disposition is final so far as this court is concerned.

*Motion No. 1:* This motion to dismiss is made on the part of the City of New York and Doctors Edelman, Weissman and Perrault. For reasons explained in connection with Motion No. 3 below made on the part of Dr. Winkler, this motion to dismiss the amended complaint and the supplemental amended complaint, is granted.

*Motion No. 2:* This motion (to repeat) has to do with the so-called "supplemental amended complaint" to which reference has been made. As has been stated, the plaintiff's pleading was amended pursuant to the permission stated in the order of July 24, 1958. Strictly speaking, a supplemental amended pleading which was in effect a second amended pleading, should not have been filed without leave of the court within the provisions of F.R.C.P. 15(a). Since,

however, Judge Zavatt has stated in his opinion, that he was not able to perceive a "substantial difference between the allegations of the amended complaint and the 'supplemental amended complaint' ", I am disposed not to grant this motion because of its purely technical character. It is therefore denied. [166 F.Supp. 35.]

*Motion No. 3:* Like No. 2, this motion is made on the part of Dr. Winkler, one of the four doctors named as defendants; it is directed to the Third, Fourth and Fifth alleged causes of action asserted by the plaintiff against Doctors Winkler, Adelman, Weissman and Perrault, and has to do, as to the Third cause, with the alleged illegal commitment of the plaintiff to the Psychopathic Ward of Kings County Hospital for observation, and the refusal as alleged, on the part of the doctors named to release, discharge and free the plaintiff until a hearing before a Supreme Court Judge, which hearing was held and as a result of which he was released by court order.

It is averred in the supplemental amended complaint that the alleged illegal acts of malpractice and negligence so attributed to these doctors, caused the plaintiff to be deprived of "his civil and equal rights and remedies under the Constitution of the United States", etc., by reason of the restraint upon his liberty for a period of seventeen days; that he was required to employ the services of counsel and a psychiatrist, and that he and his family "were personally injured mentally, physically, and substantially; suffered and will continue to suffer slander and defamation of character; and the plaintiff and his family will never be able to eradicate the suspicion of people on different occasions in situations and circumstances which may arise, that perhaps there is insanity in the family because of its having been thought so at one time."

The Federal legislation relied on according to the language of this cause of action is the same as that referred to in Judge Zavatt's opinion, namely, 68 Stat.

1241, 28 U.S.C. § 1343, 42 U.S.C.A. §§ 1983, 1985 and 1986; also the United States Constitution, Article I, Section 9, and Amendments 1, 4, 5, 6, 7, 8, 9, 10 and 14.

Judgment is demanded in the sum of $300,000.

As to the Fourth alleged cause of action, much of the foregoing is realleged, and the defendants are charged with negligence in the performance of their professional tasks in failing to conduct adequate examinations into his mental condition.

Paragraph 35 reads:

"35. That the fourth cause of action against the aforesaid four doctors jointly and severally is for malpractice and negligence with the aid of police under color of authority, and under common law."

The Fifth alleged cause of action involves the defendant Dr. Winkler, and alleges that without probable cause he did charge the plaintiff with being a "psychopathic" and procured, without warrant or court order, the aid of the police for the arrest and commitment for observation of the plaintiff; that the latter was damaged in the sum of $300,-000.

There is no diversity of citizenship between the plaintiff and the four doctors, and it is unnecessary to repeat what Judge Zavatt said in his opinion as to the extent to which the plaintiff has misconceived the scope of the civil rights statute, because the comment which he made with respect to the defendants Breger is equally applicable to these physicians.

If the plaintiff has any cause of action against them, it does not lie in this court. Accordingly the motion to dismiss the amended complaint and the supplemental amended complaint as to Dr. Winkler, is granted.

*Motion No. 4:* This motion by plaintiff to reargue the motion decided on July 9th and embodied in the order of July 24th, for reasons heretofore stated, is hereby denied.

In connection with the disposition of these several motions, this court has reexamined the early decision of Judge Bruchhausen dated January 24, 1955, which was affirmed by the Court of Appeals in 226 F.2d 742, for the purpose of considering whether on the merits there is any injustice involved in all that has gone before, by which the plaintiff has sought to litigate first his alleged rights in the federal court as against the defendants Breger as pleaded in the thirty-four paragraphs of the complaint which were before the court at the time the decision of July 9, 1958, was rendered; and second, the issues above explained.

The result of that examination has confirmed the view heretofore expressed that it is not now open to this plaintiff to relitigate the landlord and tenant matters heretofore decided against him on the merits.

I am persuaded that the plaintiff has received painstaking and patient consideration of the various matters that he has presented, in view of his status as a layman who insists upon his legal right to represent himself.

He has revealed an unwillingness to accept and abide by adverse decisions. Perhaps nothing that can be here written will induce him to change that attitude of mind.

Settle orders on two days' notice, in accord with the foregoing.