**Thomas O. SPAMPINATO, Plaintiff,**

v.

**M. BREGER & CO., Inc., Miles Breger, Dr. Guenther E. Winkler, Dr. Solomon Adelman, Dr. Max Weissman, Dr. Richard Perrault, City of New York, Defendants.**

**Civ. No. 15045.**

United States District Court
E. D. New York.
Sept. 22, 1958.

See also 176 F.Supp. 149.

Thomas O. Spampinato, pro se.

Peter C. Brown, Corp. Counsel, New York City, for Adelman, Weissman and Perrault and City of New York.

Leiman & Trace, Maspeth, N. Y., for M. Breger & Co.

Martin, Clearwater & Bell, New York City, for Winkler.

BRUCHHAUSEN, District Judge.

The plaintiff moves this Court for leave to reargue a motion decided on August 28, 1958, or for leave to appeal from such determination.

The substance of the latter motion was an application by the defendants, M. Breger & Co., Inc., and Miles Breger, for a dismissal of the complaint as to them upon the ground that this Court lacked jurisdiction of the subject matter. The motion for such dismissal was granted and the reasons therefor were recited in the said decision.

The aforesaid motion for reargument was submitted to this Court for determination upon the motion papers, affidavits and memorandum of law, without oral argument in accordance with Rule 9(h) of the General Rules of this Court, which provides as follows:

"No oral argument shall be heard unless the court grants the motion and specifically directs that the matter shall be reargued orally."

It is apparent from a reading of the papers herein that the plaintiff fails to comprehend that the Federal Courts have limited jurisdiction, i.e., that they may not entertain jurisdiction in cases which the law prescribes are in the domain of State Courts or other tribunals as distinguished from Federal Courts. While an individual may freely resort to a court for the determination of his grievance, such individual must select the proper court. No amount of persistence on the part of a litigant will change a State Court case into a Federal Court case. If the rules, statutes and decisions preclude a litigant from bringing a certain kind of case in a Federal Court, the litigant is bound thereby despite personal preference. Litigants as well as courts must comply with the law if we are to have orderly administration of justice.

Inasmuch as the plaintiff is not represented by counsel it seems appropriate

to illustrate the principle of jurisdiction by citing an example from everyday life. A citizen enters a street bus at Borough Hall and asks the driver to let him off in Coney Island. The driver explains that his jurisdiction or area is limited by rule and does not include Coney Island. He is directed to another means of transportation, the area or destination of which includes Coney Island. It is plain that the passenger failed to select the appropriate bus just as the plaintiff erred in the selection of the proper judicial tribunal.

In brief, the decision of August 28, 1958, holds that the plaintiff is not entitled as a matter of law to prosecute this action in a Federal Court. There is nothing now submitted by the plaintiff causing this Court to disagree with that ruling.

This Court has no power to grant leave to appeal. An appeal from an order or judgment of this Court is a matter of right, excepting when restricted by statute or rule.

The motion is denied.