Thomas O. SPAMPINATO, Plaintiff-Appellant,

v.

The CITY OF NEW YORK and Guenther E. Winkler, Defendants-Appellees.

No. 97, Docket 27707.

United States Court of Appeals Second Circuit.

Argued Nov. 8, 1962.

Decided Dec. 4, 1962.

**440**

Thomas O. Spampinato, pro se.

Fred Iscol, New York City (Leo A. Larkin, Corp. Counsel of City of New York, and Seymour B. Quel, New York City, on the brief), for defendant-appellee City of New York.

William C. Ketchum, Jr., New York City (Martin, Clearwater & Bell, New York City, on the brief), for defendant-appellee Winkler.

Before MEDINA, SMITH and KAUFMAN, Circuit Judges.

PER CURIAM.

■■ This purported Civil Rights action against the City of New York and Dr. Winkler in the United States District Court for the Eastern District of New York was dismissed May 8, 1962 by Judge John F. Dooling, Jr. on defendants' motion for summary judgment. Plaintiff moved on May 17, 1962 for additional findings, and for leave to appeal in forma pauperis. The motions were denied on June 9 and June 20, respectively. Appeals were taken from all three orders on July 9, 1962. Defendants move to dismiss all three appeals. The appeal from the summary judgment of dismissal was timely under F.R.Civ.P. 73(a) since the notice was served and filed within 30 days after the denial of a timely motion under Rule 52(b) to amend or make additional findings of fact. The motion to dismiss as untimely is denied. The order denying the Rule 52(b) motion is interlocutory and not appealable. The appeal from the order of June 9, 1962 is dismissed. The order denying permission to appeal in forma pauperis is moot in view of the order of this Court permitting appeal in forma pauperis. The appeal from the order of June 20, 1962 is dismissed.

■ On the main appeal, Judge Dooling's rulings are clearly correct and must be sustained. The action against the City of New York under the Civil Rights Act will not lie. Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961). The action against the individual defendant, so far as it is based on 42 U.S.C. § 1983 must fail by reason of prior adjudication in Spampinato v. M. Breger & Co., Inc., et al., E.D.N.Y. 1958, 166 F.Supp. 33, reargument denied 176 F.Supp. 278; same case on further proceedings 176 F.Supp. 149, affirmed 270 F.2d 46 (2 Cir.1929), cert. denied 361 U.S. 944, 80 S.Ct. 409, 4 L.Ed.2d 363 (1960), rehearing denied, 361 U.S. 973, 80 S.Ct. 597, 4 L.Ed.2d 553 (1960); (see also Spampinato v. M. Breger & Co., Inc., 124 F.Supp. 119 (E.D.N.Y.1954), Spampinato v. M. Breger & Co., Inc., 226 F.2d 742 (2 Cir.1955)). Ripperger v. A. C. Allyn & Co., Inc. et al., 37 F.Supp. 373 (S.D.N.Y.1940), affirmed 113 F.2d 332, 333 (2 Cir.1940), cert. denied 311 U.S. 695, 61 S.Ct. 136, 85 L.Ed. 450 (1941). So far as the case may purport to be based on a claim under 42 U.S.C. § 1985 not litigated in the earlier case, Section 23 of the New York Civil Practice Act does not apply and the New York Statute of Limitations bars the action. The contention that because a son of the plaintiff was in the service, either the Soldiers' and Sailors' Civil Relief Act, 50 U.S.C.App. § 525, or the New York Military Law, McKinney's Consol.Laws c. 36, § 308, in some way tolls the statute for the father's Civil Rights action is without support in reason or precedent.

Judgment affirmed.