**Butch W. GARRISON, Plaintiff,**

v.

**Captain William NEWELL,
Superintendent,
and
City of Danville, Defendants.**

**Civ. A. No. 71-C-39.**

United States District Court,
W. D. Virginia,
Danville Division.

July 26, 1972.

in a complaint filed on July 14, 1971, that during June, July and August 1970, while plaintiff was a prisoner at Danville City Prison Farm, Danville, Virginia, he was deprived of his civil rights under 18 U.S.C.A. § 242, 42 U.S.C.A. §§ 1983 and 1985, by the defendant, Captain William Newell, then the superintendent of the farm. Specifically, plaintiff alleges that on June 20, 1970, the defendant stole six United States postage stamps, worth $.36 cents, from a letter being sent to plaintiff. It is further alleged that the defendant also violated the law by confining the plaintiff in the hole as punishment from May 22, 1970 to July 13, 1970, for no apparent reason. During this time, plaintiff alleges he was denied certain privileges and treated in an inhumane manner. Plaintiff also alleges that the defendant denied him his prescribed medicine for sickness, thereby causing the plaintiff to suffer from asthma, a disease from which he had never suffered previously.

The defendant, Captain Newell, on June 2, 1972, filed an answer denying each and every allegation of fact in plaintiff's complaint and moved to dismiss pursuant to Rule 12(b) (6) for failure to state a claim. Captain Newell also brought a third-party complaint against the City of Danville, and by order of this court dated June 13, 1972, the City of Danville was made a third-party defendant to this action, pursuant to Rule 14 of the Federal Rules of Civil Procedure. The defendant's motion to dismiss for failure to state a claim must be denied because plaintiff's allegations, if sustained, constitute a valid cause of action. Since an issue of fact exists concerning the allegations, a hearing of the facts is proper for resolution of the dispute.

The third-party defendant's motion to dismiss for failure to state a claim upon which relief can be granted should be granted for the following reasons: 1) the City of Danville was not served with a written statement of the

Ronald W. Williams, Danville, Va., for plaintiff.

Earle Garrett, Garrett, Garrett & Smith, Danville, Va., for Capt. Newell.

W. Bascom Jordan, Danville, Va., for City of Danville.

## OPINION and JUDGMENT

DALTON, District Judge.

Plaintiff, presently an inmate in the Virginia State Penitentiary, alleges

nature of the claim within sixty (60) days after the cause of action accrued, pursuant to § 8–653 of the Code of Virginia.

For a claim to properly lie against a city or town for injury to person or property caused by the negligence of the city or town or any office, agent or employee thereof, a written statement must be filed by the claimant or his agent within sixty days after the cause of action has accrued, pursuant to § 8–653 of the Code of Virginia. Since no statement was filed and plaintiff's alleged grievances took place during the summer of 1970, the City of Danville cannot be held liable for the actions of its employees. Even if the defendant were found guilty, the third-party defendant could not be held liable since no statement was filed and the actions of the defendant, if true as alleged, were outside the scope of defendant's employment. Therefore, the City of Danville would not be liable to either plaintiff or defendant, and would not be required to indemnify said defendant for his actions outside the scope of his employment.

■ Furthermore, the City of Danville cannot be held liable under the sections of the federal code upon which this suit is being brought. Title 18 U.S.C.A. § 242 is a criminal statute, and makes it a crime for anyone to subject another to deprivation of his constitutional rights, privileges or immunities or subject an individual to different punishments on account of such person being an alien or by reason of his color or race. This statute has no application in a civil suit and therefore does not apply to the third-party defendant.

Title 42 U.S.C.A. § 1983 provides the right to civil action against "every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects . . . any citizen . . . to the deprivation of any rights, privileges, or immunities . . . ."

Title 42 U.S.C.A. § 1985(3) provides the right to civil action when "two or more persons . . . conspire . . . for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; . . . ." Cases have held that a city, acting in its sovereign capacity, cannot be a conspirator and cannot be held liable for any conspiracy under this section. Agnew v. City of Compton, 239 F.2d 226 (9 Cir., 1957), cert. denied 353 U.S. 959, 77 S.Ct. 868, 1 L.Ed.2d 910. Other cases have also held that an action under § 1985 or under § 1983 of Title 42 would not lie. Spampinato v. City of New York, 311 F.2d 439 (2 Cir., 1962); cert. denied 372 U.S. 980, 83 S.Ct. 1115, 10 L.Ed.2d 144, rehearing denied 374 U.S. 818, 83 S.Ct. 1699, 10 L.Ed.2d 1042.

One case held that a complaint against a state prison official asserting generally that the official was part of a "perfected illegal conspiracy" that had "curtailed, controlled and maintained" state prisoner's redress from his conviction by compelling him to file legal papers on pink paper rather than the usual yellow or green paper, was not sufficient to state a cause of action against the official under this section. Gaito v. Ellenbogen, 425 F.2d 845 (3 Cir., 1970).

Accordingly, the City of Danville may not be held liable under § 1983 or § 1985 of Title 42. Since the actions of the defendant, if true as alleged, were outside the scope of his employment, the City of Danville may not be held liable. The action of the defendant was a discretionary function, over which the City had no power or control. It was therefore outside the scope of the City's authority and the City would not be liable in any indemnity action brought by the defendant.

For the reasons stated above, the defendant's motion to dismiss should be denied and the third-party defendant's motion to dismiss should be granted.

The court has heretofore appointed Ronald L. Williams, a discreet and competent attorney at law of Danville, Virginia, to represent plaintiff in this action, and the court now directs that depositions be taken and filed by the plaintiff and defendant relating to the factual matters in dispute.