**Malaciah TRAMBLE, Plaintiff,**

v.

**CONVERTERS INK COMPANY,
Defendant.**

**No. 72 C 30.**

United States District Court,
N. D. Illinois, E. D.

June 15, 1972.

Dean A. Dickie, Aaron, Aaron, Schimburg & Hess, Chicago, Ill., for plaintiff.

George W. Alexander, Chicago, Ill., for defendant.

## MEMORANDUM OPINION

WILL, District Judge.

Plaintiff's complaint, brought under 42 U.S.C. § 1981 and 28 U.S.C. §§ 1331, 1332

(a) (1) and 1343(4), alleges that he was discharged from defendant's employ because of his race and because of his stated intention to raise certain issues of discrimination with the Illinois Fair Employment Practices Commission and with the Equal Employment Opportunity Commission (EEOC). The plaintiff seeks reinstatement, compensatory and punitive damages, and attorneys' fees. The defendant has moved to dismiss.

The defendant bases its motion on the grounds that 42 U.S.C. § 1981 only applies to actions done under color of state law, that the applicable statute of limitations has expired, that the Court lacks subject matter jurisdiction over the complaint and personal jurisdiction over the defendant, and that the complaint fails to state a cause of action for which relief can be granted.

■ As the defendant is an Illinois corporation, it is clear that this Court has personal jurisdiction over it. It is also equally clear that the Court has subject matter jurisdiction over a complaint brought pursuant to 42 U.S.C. § 1981 and 28 U.S.C. §§ 1331(a), 1343(4) because a federal district court always has jurisdiction to entertain a suit brought under the Constitution or laws of the United States unless the claim appears to a legal certainty to be wholly insubstantial and frivolous. Bell v. Hood, 327 U.S. 678, 66 S.Ct. 773, 90 L.Ed. 939 (1946); Wheeldin v. Wheeler, 373 U.S. 647, 83 S.Ct. 1441, 10 L.Ed.2d 605 (1963). As plaintiff's claims are not clearly frivolous, this Court has subject matter jurisdiction over the complaint.

■■ The defendant further claims that 42 U.S.C. § 1981 does not give rise to any cause of action for private discrimination unless those acts can be deemed as action under color of state law and that the statute of limitations under this statute has run in any event. Both of these issues have been resolved in this Circuit in Waters v. Wisconsin Steel Works of International Harvester Company, 427 F.2d 476 (7th Cir. 1970). In that case, the Seventh Circuit held that 42 U.S.C. § 1981 was designed to prohibit among other things, private job discrimination based upon race even though it does not expressly mention employment contracts, and that the statute of limitations for suits under § 1981 was five years. As this decision is binding upon this Court, we conclude that plaintiff's complaint is not defective because it alleges acts of discrimination that do not involve any state action or because it was filed more than two years after the cause of action accrued.

The defendant next alleges that the complaint fails to state a claim upon which relief can be granted because no facts are alleged which even remotely indicate a violation of § 1981. That statute reads as follows:

> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses and exactions of every kind, and to no other.

In response to this argument, the plaintiff initially contended that the facts of this case indicate that the defendant is guilty of violating Section 704(a) of Title VII of the 1964 Civil Rights Act, 42 U.S.C. § 2000e–3, in that it discharged the plaintiff because the latter had filed complaints concerning the defendant's promotional policies with the Equal Employment Opportunity Commission. The plaintiff has argued that having alleged this violation of Title VII, he has alleged a claim upon which relief can be granted and that the complaint cannot be dismissed.

We would readily agree with the plaintiff's conclusion were he suing under the jurisdiction created by Title VII. The fact of the matter, however, is that he is not so suing and cannot. After pursuing his Title VII administrative remedies and receiving a right to sue notice from the EEOC, he referred the

matter to an attorney who, after the statute of limitations on Title VII claims had expired, filed a suit in federal court which was dismissed because of the jurisdictional defect created by the tardy filing of the claim. The mere fact that the defendant may have violated the prohibition of § 704(a) of Title VII against retaliating against any person complaining to the EEOC does not mean that the defendant has also violated 42 U.S.C. § 1981.

■ From the obvious wording of § 1981, no doubt exists that a party, to state a cause of action under it, must allege some form of discrimination in his employment based upon his race. Because the plaintiff's first amended complaint specifically alleges that he was discharged from his employ (and discriminated against in other ways prior to discharge) because of his race, the defendant's motion to dismiss for failure to state a claim under § 1981 must be denied.

■ One final question remains on the subject of stating a claim. The Court has raised the issue of whether a party's failure to prosecute a Title VII suit based upon alleged racial employment discrimination bars a suit under § 1981 which alleges the same underlying factual occurrences. We conclude that, although there may be circumstances where the complaining party may be precluded from bringing the § 1981 suit, the instant case does not present such circumstances and the plaintiff's complaint may not be dismissed because of his failure timely to prosecute his claims in the form of a Title VII suit.

In *Waters, supra,* the Seventh Circuit held that a party complaining of employment discrimination may not bring a § 1981 suit if he intentionally bypassed the administrative procedures created by Title VII for attempting conciliation of the underlying claim. The Court stated that a party who had a reasonable excuse for failing to exhaust his administrative remedies under Title VII could sue directly under § 1981. To resolve the issues presented herein, we must determine whether (1) as a matter of interpreting *Waters,* the Seventh Circuit meant to include the bringing of a court suit under Title VII in its description of Title VII remedies which must be exhausted prior to the allowance of a § 1981 suit, and (2) if such suit is included, the plaintiff has alleged a reasonable excuse for his failure.

■ The initial question is easily resolved. The Court in *Waters* continuously referred to Congressional concern for resolution of disputes by conciliation rather than by court action. It was for this reason that the Court construed Title VII to modify 42 U.S.C. § 1981 by creating the prerequisite for a § 1981 suit that the complainant must have attempted to secure the full administrative benefits of proceedings before the EEOC which, through conciliation, might resolve the dispute prior to any court action. With this rationale as the basis for its conclusion, it is difficult to see how the Court could have meant to include the actual bringing of a Title VII suit as a prerequisite for a § 1981 suit. Not only does a Title VII court action add nothing to the administrative conciliation process, but the requiring of such prior suit would render the existence of the right to sue under § 1981 a superfluous right. Without a clear statement to this effect, we would be most hesitant to conclude that the Seventh Circuit, after first finding a right to sue under § 1981, then added as a prerequisite for such a suit the existence of a prior suit which would make the § 1981 suit totally unnecessary.

The language that the Court utilized also indicates that it did not mean to include the bringing of a suit under Title VII as a prerequisite for a § 1981 suit. The Court stated:

> Because of the strong emphasis which Congress placed upon conciliation, we do not think that aggrieved persons should be allowed *intentionally to bypass the Commission* without good reason. We hold, therefore, that an aggrieved person may sue directly under section 1981 if he pleads a reasonable

excuse for his failure to exhaust *EEOC remedies* . . . (emphasis added). Because the Court referred only to the administrative procedures created by Title VII, we conclude that the only prerequisites for a § 1981 suit, barring a reasonable excuse, is that the complainant must have fully utilized the administrative processes of the EEOC or its state counterpart and that he need not necessarily have filed a suit with jurisdiction based upon Title VII. Other courts that have reached this issue have come to the same conclusion. *See,* Sanders v. Dobbs Houses, Inc., 431 F.2d 1097 (5th Cir. 1970); Boudreaux v. Baton Rouge Marine Contracting Co., 437 F.2d 1011 (5th Cir. 1971); Young v. I.T.T., 438 F.2d 757 (3rd Cir. 1971).

As the plaintiff has fully satisfied the requirement that he utilize all administrative procedures created by Title VII prior to bringing suit under § 1981, he may properly bring this § 1981 suit notwithstanding his failure to file a timely action based upon Title VII jurisdiction. Because we reach the above conclusion, we need not and do not decide whether the plaintiff's failure to file his Title VII suit within the statutory limitations period of thirty days may be excused as a reasonable failure.

█ The defendant has also moved to dismiss Count II of the plaintiff's amended complaint. In this count, the plaintiff alleges that he told the defendant of his intention to complain to the EEOC and the local fair employment agencies concerning the defendant's discriminatory employment practices and that the defendant fired him in retaliation for that exercise of his statutory rights. The defendant's basis for its motion is that, irrespective of whether this alleged action might be a Title VII violation, such is not a § 1981 violation and thus cannot be a basis for this suit. We agree with this contention.

As we stated above, § 1981 applies only to discrimination based upon race. As it is clear that many parties can and do make complaints to the EEOC based upon grounds of discrimination other than race, i. e., religion, sex, and/or national origin, it is likewise clear that no racial connection necessarily exists between such a complaint and an employer's retaliation. An employer theoretically could discharge every one of its employees who makes charges against it before the EEOC irrespective of whether they are white, black, or oriental. As the *racial* motivation which is the central crux of a § 1981 action is not necessarily involved in such a retaliatory discharge, we conclude that a discharge of an employee because of his bringing charges before the EEOC, while clearly a violation of Section 704(a) of Title VII, is not a violation of § 1981. Because the statute of limitations has run on any Title VII claims the plaintiff has which are not also § 1981 claims and because Count II alleges only violations of Title VII, the plaintiff may not now pursue the claims asserted in Count II of his first amended complaint. Accordingly, the defendant's motion to strike Count II must be granted.

█ The defendant finally moves to strike that portion of the first amended complaint wherein the plaintiff asks for punitive damages and attorneys' fees. The defendant argues that Sullivan v. Little Hunting Park, 396 U.S. 229, 90 S.Ct. 400, 24 L.Ed.2d 386 (1970) holds that in a suit brought under § 1982 (which is identical to § 1981 in that neither expressly authorizes the granting of any damages to a prevailing plaintiff), only compensatory damages are allowable. We have read the Supreme Court decision with care and, while it is true that only compensatory damages were at issue in that case, we can find no mention whatsoever therein of the issue of punitive damages nor even any intimation that such damages may never be allowed. If anything, the Court appeared to suggest that whatever type of remedy is appropriate in the circumstances of a given case is allowable under § 1982. The Court stated in this regard:

> . . . [A]s to damages, Congress, by 28 U.S.C. § 1343(4), created federal jurisdiction for "damages or . . .

equitable or other relief under any Act of Congress providing for the protection of civil rights. . . . " We reserved in Jones v. [Alfred H.] Mayer Co., 392 U.S. [409], at 414–415, n. 14 [88 S.Ct. 2186, at 2190, 20 L.Ed.2d 1189], the question of what damages, if any, might be appropriately recovered for a violation of § 1982.

We had a like problem in Bell v. Hood, 327 U.S. 678 [66 S.Ct. 773, 90 L.Ed. 939], where suit was brought against federal officers for alleged violations of the Fourth and Fifth Amendments. The federal statute did not in terms at least provide any remedy. We said:

"[W]here federally protected rights have been invaded, it has been the rule from the beginning that courts will be alert to adjust their remedies so as to grant the necessary relief. And it is also well settled that where legal rights have been invaded, and a federal statute provides for a general right to sue for such invasion, federal courts may use any available remedy to make good the wrong done." Id., at 684 [66 S.Ct. 773, at 777].

The existence of a statutory right implies the existence of all necessary and appropriate remedies. . . .

Compensatory damages for deprivation of a federal right are governed by federal standards, as provided by Congress in 42 U.S.C. § 1988. . . .

. . . [A]s we read § 1988, . . . both federal and state rules on damages may be utilized, whichever better serves the policies expressed in the federal statutes. Cf. Brazier v. Cherry [5 Cir.], 293 F.2d 401. The rule of damages, whether drawn from federal or state sources, is a federal rule responsive to the need whenever a federal right is impaired. We do not explore the problem further, as the issue of damages was not litigated below. Sullivan v. Little Hunting Park, 396 U.S. at 238–240, 90 S.Ct. at 405.

Based upon these statements, we conclude that punitive damages and the granting of attorneys' fees may be allowable in § 1981 suits in particular circumstances. *Accord,* Cook v. Advertiser Company, 323 F.Supp. 1212, 1213 n. 3 (M.D.Ala.1971). We do not suggest that the plaintiff's allegations, even if true, necessarily present circumstances which would render appropriate the awarding of punitive damages and/or attorneys' fees, but we obviously are at too early a stage in these proceedings to declare, as defendant would have us do, that the plaintiff is definitely not entitled to such damages. Accordingly, its motion to strike these portions of the first amended complaint must be denied at this time.

An appropriate order will enter denying the defendant's motion to dismiss the first amended complaint and granting the defendant's motion to dismiss Count II thereof.