Lee O'BRIEN, Individually and on behalf of others similarly situated, Plaintiff,

v.

Wayne S. SHIMP, Individually and in his official capacity as Sheriff of Du-Page County, Defendant.

No. 72 C 2054.

United States District Court,
N. D. Illinois, E. D.

Jan. 12, 1973.

Thomas P. Stillman, Chicago, Ill., for plaintiff.

William Hopf by Francis F. Fiore, Charles E. Ruth, Asst. State's Attys., Wheaton, Ill., for defendant.

## MEMORANDUM OPINION

### MOTION TO DISMISS

#### I.

MAROVITZ, District Judge.

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 against the Sheriff of DuPage County alleging that defendant has deprived her of her constitutional rights by refusing to hire her as a Deputy Sheriff Patrolman. In Count I plaintiff alleges that prior to December 20, 1971 she passed written, oral and physical examinations given by the Du- Page County Sheriff's Merit Commission for the position of Deputy Sheriff Patrolman and was placed on a list of certified candidates for that position; that she subsequently was informed by the Sheriff's Department that she could not be hired as a Deputy Patrolman because she is female; and that the defendant does not hire females to perform the same duties as are performed by male Deputy Sheriff Patrolmen. These actions, plaintiff states, are in violation of her due process and equal protection rights guaranteed by the Fourteenth Amendment and also "conflict" with Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.

Plaintiff prays that this Court declare defendant's conduct in refusing to hire females for the Deputy Sheriff Patrolman position unconstitutional; that an injunction issue to restrain defendant from refusing to hire females based on considerations other than ability; that the Court order defendant to undertake a program of affirmative action to attract female employees to the position of Deputy Sheriff Patrolman and plaintiff be awarded $25,000.

Plaintiff also seeks to maintain this suit as a class action pursuant to Rules 23(a) and 23(b)(2) of the Federal Rules of Civil Procedure on behalf of all those females who wish to be employed by defendant in the position of Deputy Sheriff Patrolman but who are barred from such employment because of their sex.

Count II, which was added subsequent to the filing of Count I restates the basic factual allegations of Count I and in addition claims that plaintiff was employed as a Records Clerk by the Du- Page County Sheriff's Department, a position she was actively engaged in until May 29, 1972 at which time she was involved in a serious automobile accident; that after the accident she was receiving disability payments from the Sheriff; that on Friday, August 18, 1972, the day after plaintiff filed Count I of this complaint the defendant became aware of this suit and because of it summarily fired her in retaliation, such

conduct being in violation of her constitutional rights and in conflict with Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. plaintiff, in Count II seeks retention in her position as Records Clerk and a judgment in the amount of $10,000.

Defendant has filed a Motion to Dismiss Count I on the grounds that 1) Plaintiff lacks standing under 42 U.S.C. § 2000e–5, the Civil Rights Act of 1964 since she has failed to first seek administrative relief before the Equal Employment Opportunity Commission; that monetary relief is not proper under 42 U.S.C. § 2000e–5(g); and that as an agent of a political subdivision of the State defendant is exempt from suit under 42 U.S.C. § 2000b. 2) Plaintiff has an adequate remedy at law either before the Fair Employment Practices Commission of Illinois or the State Courts. 3) Under the doctrine of abstention the State of Illinois should be allowed to resolve the issues. 4) Defendant is immune under State law from liability for the acts alleged in the complaint.

Defendant also seeks dismissal of the 42 U.S.C. § 1983 claims on the grounds that 1) § 1983 does not apply to suits for sex discrimination in employment; 2) Plaintiff has failed to meet the jurisdictional amount requirements because the 28 U.S.C. § 1331 requirements are not waived in a suit for employment discrimination although brought under § 1983; 3) the acts complained of were not done under color of State law. 4) Plaintiff has failed to exhaust State administrative remedies.

As to Count II, defendant seeks dismissal as to the 42 U.S.C. § 2000e et seq. claim on the grounds that plaintiff has failed to exhaust her administrative remedies before the EEOC and that monetary damages are not available under this statute. In addition, defendant argues that: Plaintiff fails to state a claim because the acts complained of were not done under color of State law; the Sheriff is immune from suit; Plaintiff has an adequate remedy at law in the State Courts; Plaintiff has failed to

exhaust State administrative remedies; Plaintiff should elect between State and Federal remedies; Plaintiff fails to meet the jurisdictional amount requirements of 28 U.S.C. § 1331.

## II.

### Count I

#### A. Civil Rights Act of 1964—Title VII

Plaintiff has complained that "Defendant's policy and conduct in refusing to hire plaintiff in the manner described above conflicts with Title VII of the Civil Rights Act of 1964, as amended, and is therefore void under the Supremacy Clause of the United States Constitution." (Amended Complaint P. 4). Defendant argues that Count I cannot be framed as a Title VII action because a political subdivision of a State and its agents were exempt from such a suit as indicated in 42 U.S.C. § 2000e(b) at the time the action complained of occurred; that plaintiff lacks standing under Title VII because she has failed to exhaust her administrative remedies before the EEOC as required by 42 U.S.C. § 2000e–5(f) and that monetary relief is improper under 42 U.S.C. § 2000e–5(g).

▮ It is apparent under any construction of the facts that plaintiff is foreclosed from bringing Count I as a Title VII action. First, at the time the complained of act occurred the Sheriff, as plaintiff indeed concedes, was exempt from suit under 42 U.S.C. § 2000e(b). Although as of March 1972 "a State or political subdivision thereof" is no longer exempted from the definition of "employer" and defendant's conduct of continuing to deny plaintiff the position of Deputy Sheriff Patrolman after March 1972 is conceivably no longer immune from a Title VII suit, nevertheless plaintiff has failed to meet the other requirements of § 2000e et seq. such as the commencement of action before the EEOC which under § 2000e–5(e) is the jurisdictional prerequisite for an employment practices suit under Title VII.

Dent v. St. Louis-San Francisco Ry. Co., 406 F.2d 399, 403 (5th Cir. 1969); Choate v. Caterpillar Tractor Co., 402 F.2d 357, 359 (7th Cir. 1968); Stebbins v. Nationwide Mutual Ins. Co., 382 F.2d 267, 268 (4th Cir. 1967); James v. Ogilvie, 310 F.Supp. 661, 664 (N.D.Ill.1970). Thus plaintiff is foreclosed *from a Title VII suit* for the pre-March 1972 conduct because of defendant's immunity and for the post-March 1972 conduct because of failure to exhaust Federal remedies.

Plaintiff seemingly concedes that she is not seeking jurisdiction under Title VII (Memorandum in Opposition to Motion to Dismiss P. 5) and claims that she need not resort to the EEOC because her claims are "broader than those protected by the narrow provisions of the statute" (Memo. supra P. 9). What plaintiff therefore is attempting to do by construing defendant's conduct as being in "conflict" with Title VII and therefore void under the Supremacy Clause, is to partake of the statutory benefits of Title VII without being compelled to adhere to its procedural requirements. Quite understandably such an attempt must fail. Either the suit is brought under the jurisdiction of Title VII or it is not a Title VII suit. Although there are indeed some instances cited by plaintiff where jurisdiction under Title VII was not sought yet where a complaint based on a "conflict" with Title VII was to a certain extent permitted, e. g. McCrimmon v. Daley, 418 F.2d 366 (7th Cir. 1969) and Caterpillar Tractor Co. v. Grabiec, 317 F.Supp. 1304 (S.D.Ill.1970), both of those cases involved *statutes or ordinances* which can technically be construed as truly "conflicting" with Title VII, in *McCrimmon,* the Chicago Bar Maid Ordinance and in *Caterpillar,* the Illinois Female Employment Act. Yet if we were to permit suits for *conduct,* conflicting with Title VII without requiring the jurisdictional requirements of Title VII then all of the procedural requirements of 42 U.S.C. § 2000e et seq. would be rendered irrelevant since all a complainant would have to do to avoid those requirements would be to allege that certain conduct "conflicts" with Title VII and is void under the Supremacy Clause without seeking Title VII jurisdiction. Thus we find no Title VII jurisdiction for Count I.

### B. 42 U.S.C. § 1983

While we have determined that Count I cannot be brought under Title VII, whether or not the action is proper under the general Civil Rights Acts, 42 U.S.C. § 1983, presents a problem of a different nature. The threshold issues that must be decided before defendant's secondary objections to the § 1983 suit are dealt with is the propriety of a suit for sex discrimination in employment under § 1983 and whether Title VII was meant to be the exclusive remedy for employment discrimination to the exclusion of a § 1983 suit where Title VII could have been utilized.

Defendant argues that "U.S.C. Title 28, Section 1343, and Title 42, Section 1983 were not directed at employment practices" and that "Defendant can find no precedent in law for its use of these sections in the cause such as this." (Memorandum in Support of Motion to Dismiss P. 8).

Indeed there is ample precedent for the use of 42 U.S.C. §§ 1981 and 1983 as a basis for discrimination in employment suits. *See* Eslinger v. Thomas, 4 EPD 7586 (N.D.Wash.1972); Hogue v. Bach, 4 EPD 7860 (D.Colo.1972); Carter v. Gallagher, 452 F.2d 315, 327 (8th Cir. 1972); Waters v. Wisconsin Steel Works of International Harvester, 427 F.2d 476 (7th Cir. 1970); Gilliam v. City of Omaha, 459 F.2d 63 (8th Cir. 1972); Castro v. Beecher, 459 F.2d 725 (1st Cir. 1972); Johnson v. City of Cincinnati, 450 F.2d 796 (6th Cir. 1971); Tramble v. Converters Ink Co., 343 F.Supp. 1350 (N.D.Ill.1972); James v. Ogilvie, 310 F.Supp. 661 (N.D.Ill.1970).

Thus we find no difficulty with the *general* proposition that a sex-discrimination-in-employment action can be brought under 42 U.S.C. § 1983. Once that plateau is reached we are, however,

confronted with the next obstacle, that of determining the relationship between a § 1983 suit for employment discrimination and Title VII, 42 U.S.C. § 2000e et seq. since both of these statutes are directed at the same unconstitutional practices the former implicitly, the latter explicitly. Simply stated the question is whether a § 1983 employment discrimination suit can be brought in an instance where a Title VII suit is appropriate and whether Title VII of the 1964 Civil Rights Act, 42 U.S.C. § 2000e et seq. preempts the general Civil Rights statutes.

This question is admittedly not new to this Court. In James v. Ogilvie, 310 F. Supp. 661, 664 (N.D.Ill.1970) when faced with the identical question though in a racial rather than sex discrimination context we stated:

> Whether or not federal administrative procedures must be invoked before plaintiffs can be said to have standing to bring this civil rights action is not as clear. There is no doubt that a federal civil action may not be brought under 42 U.S.C. § 2000e–5(e) unless the moving party first commenced action under the federal administrative procedure dealing with unlawful employment practices. (Citations omitted)

> Yet, while Section 2000e–5(e) requires prior exhaustion, Section 1983, a general civil rights provision and the basis for the instant action, is silent as to whether federal administrative exhaustion is a jurisdictional prerequisite. In sum, there appears to be a procedural inconsistency between two federal statutes, both of which concern the statutory civil right to an equal employment opportunity.

> To the extent that any such inconsistency exists, however, it must be resolved by Congress, not by the judiciary.

> If a party seeks to avoid Section 2000e–5 and its exhaustion requirement and instead pursues a perceived grievance through Section 1983, which

incorporates no such requirement, that is his prerogative. Were we to hold that exhaustion of federal administrative procedures is required in order to acquire standing in federal court for this type of case, we would, in effect, be saying that Section 1983 allows for civil actions based on the deprivations of any Constitutionally or legally secured right, except that of freedom from discriminatory employment practices. Moreover, to require exhaustion of the federal remedy would indirectly compel exhaustion at the state level and that, as we have previously stated, is not necessary. See Ethridge v. Rhodes, 268 F.Supp. 83, 88–89 (S. D.Ohio 1967).

■ Shortly after our decision in *James* the Seventh Circuit Court of Appeals in Waters v. Wisconsin Steel Works of International Harvester Company, 427 F.2d 476, 484 (1970) considered whether Title VII of the Civil Rights Act of 1964 repealed 42 U.S.C. § 1981 by implication. After first citing Posadas v. National City Bank, 296 U.S. 497, 56 S.Ct. 349, 80 L.Ed. 351 to the proposition that an intention to repeal must be clear and manifest and recognizing that Title VII does not provide for express repeal of previously applicable legislation the Court stated that:

> Contrary to the assertions of defendants, the legislative history of Title VII strongly demonstrates an intent to preserve previously existing causes of action . . . .

> Defendants argue however, that the most important indicia of intent are the provisions established in Title VII itself and that the existence of a cause of action under section 1981 would virtually destroy these provisions. In addition to the availability of immediate access to the courts, they point to large differences in the class of persons covered by Title VII and section 1981 and variations in the substantive prohibitions of the two enactments. We agree that the difficulties in reconciling section 1981 and Title VII

are great and that the areas of possible conflict are numerous. Thus we cannot conclude that the possibility of conflict demonstrates that section 1981 was wholly repealed by implication. We are convinced that the two acts can, in large measure, be reconciled and effect given to the congressional intent in both enactments. Therefore, we hold that conflicts must be resolved.

The Court then considered the 42 U.S.C. § 2000e–5(e) requirement of filing before the EEOC and its effect on a 42 U.S.C. § 1981 suit and concluded that:

> Because of the strong emphasis which Congress placed upon conciliation, we do not think that aggrieved persons should be allowed intentionally to by-pass the Commission without good reason. We hold, therefore, that an aggrieved person may sue directly under section 1981 if he pleads a reasonable excuse for his failure to exhaust EEOC remedies. We need not define the full scope of this exception here. Nevertheless, we believe that plaintiffs in the case at bar have presented allegations sufficient to justify their failure to charge Local 21 before the Commission.

*See also* Johnson v. City of Cincinnati, 450 F.2d 796 (6th Cir. 1971), Sanders v. Dobbs Houses, Inc., 431 F.2d 1097 (5th Cir. 1970); Boudreaux v. Baton Rouge Marine Contracting Co., 437 F.2d 1011 (5th Cir. 1971); Young v. International Telephone & Telegraph Co., 438 F.2d 757 (3rd Cir. 1971). For a recent interpretation of *Waters* see Judge Will's Opinion in Tramble v. Converters Ink Company, 343 F.Supp. 1350 (1972).

Although *Waters* dealt only with § 1981's relationship to Title VII and made no reference to § 1983, we believe that the logic of *Waters* in terms of reconciling the statutes is as applicable to § 1983 as it is to § 1981 and as we stated in *James, supra,* no repeal of the general Civil Rights statutes was intended.

Irrespective of whether or not the *Waters* caveat that "an aggrieved person may sue directly under section 1981 *if he pleads a reasonable excuse for his failure to exhaust EEOC remedies*" (427 F.2d at 487) applies as well as a prerequisite to a § 1983 suit, a proposition in regard to which we make no pronouncement, we believe that the present action would fall within the "reasonable excuse" limitation of *Waters.* The complained of act in this case occurred in December of 1971 at a time when the Sheriff was exempt from a Title VII suit and although the violation continued past March 1972, at which time the exemption was done away with and an action before the EEOC was possible we believe that plaintiff had what Waters terms a reasonable excuse for not bringing the suit before the EEOC. To maintain this action before the EEOC, plaintiff would have had to eliminate its allegations for the pre-March exempt period, a period during which the primary part of the alleged violation took place and refer only to the post-March 1972 continuing violation, since conduct prior to March 1972 is exempt under Title VII.

Our finding that to avoid splitting up the suit was a "reasonable excuse" for not approaching the EEOC and satisfied the *Waters* limitation does not conflict with our earlier holding that plaintiff cannot bring a Title VII suit because he failed to first file before the EEOC. We believe that the "reasonable excuse" standard of *Waters* is somewhat more flexible than the 42 U.S.C. § 2000e–5(e) standard of EEOC administrative exhaustion. Thus the same conduct in regard to failing to file before the EEOC may on the one hand foreclose a Title VII suit in Federal Court for failure to exhaust administrative remedies while on the other hand be "reasonably excusable" enough under the more liberal standard of *Waters* to allow for a § 1981 or § 1983 suit as is indeed the situation in this case.

### C. *Exhaustion of State Remedies*

In James v. Ogilvie, *supra,* 310 F.Supp. at 664 we held that although po-

tential State remedies were available but were not pursued such failure is not grounds for dismissal of a § 1983 suit. Whitner v. Davis, 410 F.2d 24, 28 (9th Cir. 1969); Kalec v. Adamowski, 406 F. 2d 536, 537 (7th Cir. 1969). *See also* McNeese v. Board of Education, 373 U. S. 668, 83 S.Ct. 1433, 10 L.Ed.2d 622 (1963) and Damico v. California, 389 U.S. 416, 88 S.Ct. 526, 19 L.Ed.2d 647 (1967). We reiterate that position here and hold that plaintiffs need not exhaust their State remedies.

D. *Election of Remedies, Abstention, Immunity Under State Law, Color of State Law, Jurisdictional Amount*

 Without going into further detail we have examined defendant's contentions that we abstain from deciding this case in order to allow for its decision by State Courts or agencies, that plaintiff ought to be compelled to elect between remedies, that the Sheriff is immune from suit under State law and that the alleged violations were not done under color of State law, and find these assertions to be without merit. See James v. Ogilvie, *supra.*

### III.

*Class Action*

Plaintiff seeks to bring Count I as a class action pursuant to Rules 23(a) and 23(b)(2) of the Federal Rules of Civil Procedure on behalf of all those females who wish to be employed by defendant in the position of Deputy Sheriff Patrolman but who are barred from such employment because of their sex.

Defendant opposes the class action arguing that the qualifications for employment as a Deputy Sheriff Patrolman are unique to each individual and therefore cannot be represented by an individual for a class, that *one* plaintiff cannot represent a class and that plaintiff has not adequately indicated that there are any similarly situated.

While we concede a suit for violation of Title VII discrimination in employment is usually allowed to be pursued as a class action "as the evil sought to be ended is discrimination on the basis of a class characteristic, i. e. race, sex, religion or national origin," Bowe v. Colgate Palmolive Company, 416 F.2d 711 (7th Cir. 1969), we find this case to be outside of that general proposition.

In most of the cases cited by plaintiff indicating the propriety of a class action there was a *concrete, numerous* class of individuals that were presently being discriminated against or would be discriminated against in the future. In an instance of school segregation the class of individuals effected is indeed large, current and concrete; in a suit for sex discrimination regarding seniority systems or weight lifting regulations there is a current, definite, recognizable, and actual class of individuals involved; in the series of cases involving dismissals of pregnant teachers at an early period in their pregnancy there was a present definable class of individuals whose employment was unconstitutionally terminated. In all of these cases there was no vagueness or doubt about numerosity or existence of the class and the discrimination was much broader and far reaching and could not be construed as being an isolated incident.

 In the present action plaintiff has not indicated to our satisfaction that any other female has ever been discriminated against in seeking employment as a Deputy Sheriff Patrolman or the likelihood of such a future class ever existing. Simply stated we hold that the class is purely speculative and that plaintiff has failed to adequately meet the numerosity requirement of Rule 23(a)(1) of the Federal Rules of Civil Procedure.

In addition we believe that relief could be framed in such a manner as to prevent discrimination such as is alleged, against any future applicant without having to resort to the intricacies of a class action.

In view of the foregoing we deny plaintiff's motion for a class action.

## IV.

### Count II

In Count II plaintiff alleges that her constitutional rights were violated in that defendant summarily fired her upon discovery that she had filed this suit and in retaliation for this suit.

In view of the fact that much of the basis for the suit in Count II, though referring to an incident apart from that in Count I, revolves around the same legal issues as discussed earlier, we will touch upon them in an abbreviated form only.

Plaintiff cannot bring Count II as a Title VII suit because she has failed to follow the exhaustion procedures required by 42 U.S.C. § 2000e–5 (e). Neither can she assert that her firing "conflicts" with Title VII. See 11. A. *supra.*

We do however find that plaintiff has stated a cause of action in Count II by alleging that the conduct of the Sheriff in firing her as retaliation for the bringing of this suit violated her constitutional rights. *See* Pickering v. Board of Education, 391 U.S. 563, 88 S. Ct. 1731, 20 L.Ed.2d 811 (1964); Regents v. Roth, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972); Perry v. Sindermann, 408 U.S. 593, 92 S.Ct. 2694, 33 L.Ed.2d 570 (1972).

As we found in regard to Count I we find that the conduct complained of in Count II was done under color of State law, that the defendant is not entitled to immunity, that there is not an adequate remedy at law and that the jurisdictional amount presents no problem.

In summary, then, we deny defendant's Motion to Dismiss in regard to the general constitutional grounds in Counts I and II and grant defendant's Motion *only* in regard to the Title VII elements in both Counts. We also deny plaintiff's Motion for a class action.