**Oscar L. HEARN, Plaintiff,**

v.

**R. R. DONNELLEY & SONS COMPANY, Defendant.**

**No. 77 C 2930.**

United States District Court, N. D. Illinois, E. D.

Oct. 24, 1978.

William D. Snapp, Jerold S. Solovy, Jenner & Block, Chicago, Ill., for plaintiff.

Michael G. Cleveland, Vedder, Price, Kaufman & Kammholz, Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

CROWLEY, District Judge.

This action is brought by plaintiff, Oscar L. Hearn ("Hearn") alleging violation of his civil rights by his former employer, R. R. Donnelley & Sons Company ("Donnelley"). 42 U.S.C. § 2000e et seq.; 42 U.S.C. § 1981. Jurisdiction is invoked pursuant to 28 U.S.C. § 1343, and 42 U.S.C. § 2000e et seq. In brief, plaintiff alleges that he was employed by Donnelley from 1968 through 1971. In 1971, Hearn left the employ of Donnelley to pursue his Masters Degree at the University of Michigan. He received his Masters in 1974. In May, 1974, Hearn unsuccessfully applied for re-employment with Donnelley. It is plaintiff's contention that he was denied re-employment as retaliation for his "prior leadership participation or advocacy of employer organizations and protests against the Company's discriminatory practices in hiring and promoting minorities" in violation of 42 U.S.C. § 1981 and 42 U.S.C. § 2000e–2, Title VII § 703. Presently before the Court is defendant's motion to dismiss for failure to state a claim. Rule 12(b)(6) Fed.R.Civ.P.

The crux of defendant's motion to dismiss is that an employer's conduct is not violative of Title VII unless it is retaliatory vis-a-vis plaintiff's involvement in a formal proceeding before the Equal Employment Opportunity Commission ("EEOC"). In other words, because plaintiff alleges only

that he was involved in civil rights activities in opposition to defendant's policies, and does not allege that he filed any complaint or grievance with the Commission, his complaint does not state a claim under Title VII, § 704(a).[1]

In relevant part § 704(a) provides that an employer may not discriminate against an employee or job applicant:

> . . . *because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter.* 42 U.S.C. § 2000e–3.

Defendant is correct that one purpose of § 704(a) is "to protect the employee who utilizes the tools provided by Congress to protect his rights." *Pettway v. American Cast Iron Pipe Company*, 411 F.2d 998, 1005 (5th Cir., 1969). However, § 704(a) is not confined to situations in which the parties are engaged in formal proceedings, but rather extends to forbid "discrimination against applicants or employees for attempting to protest or correct allegedly discriminatory conditions of employment." *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 796, 93 S.Ct. 1817, 1821, 36 L.Ed.2d 668 (1972). A more restrictive construction of § 704 would be antithetical to the broad purpose of Title VII which is to encourage voluntary eradication of discrimination in the work place. To require the initiation of an adversarial or formal investigative proceeding as a condition precedent to the applicability of § 704(a) would frequently be so disruptive as to be counterproductive. Internal processes, whenever available, are surely the preferable vehicle by which to bring an employer into compliance with the statute. The act was not intended to penalize employees who seek to improve the conditions of the work place through informal methods rather than entangling the employer in a potentially lengthy and expensive Commission proceeding.[2]

Further, such a restrictive view of § 704 would be in direct contradiction of the statute's language. By its terms, the statute provides protection for opposition to discrimination *or* the filing of a charge, testifying, assisting or participating in a formal proceeding. We cannot ignore the conjunctive form of § 704 by restricting the protected opposition to testifying, assisting, participating, etc. in a proceeding before the Commission. To do so would effectively re-write the statute.

Finally, defendant moves to dismiss the § 1981 allegations in the complaint. Defendant argues that § 1981 does not cover alleged retaliatory employment practices. *Tramble v. Convertors Ink Co.*, 343 F.Supp. 1350 (N.D.Ill., 1972). However, insomuch as plaintiff has specifically alleged racial discrimination, *Tramble* is inapposite. Further, it is clear that § 1981 is an independent remedy and is not confined by the procedural or substantive limitations of Title VII. See, *Strozier v. General Motors Corp.*, 442 F.Supp. 475 (N.D.Ga., 1977) and cases cited therein.

Accordingly, defendant's motion to dismiss is denied.

---

1. In his complaint, plaintiff alleges a violation of § 703. However, because both parties have briefed the issue of liability under § 704 as well, we will address that issue.

2. To the extent that *Novotny v. Great American Federal S & L Association*, 430 F.Supp. 227 (W.D.Pa., 1977) and *EEOC v. Beaver Gasoline Co.*, 14 FEP 1343 (W.D.Pa., 1977) are inconsistent with this analysis, we decline to follow them.