**May M. THOMAS, Plaintiff,**

v.

**MAIMONIDES MEDICAL CENTER, Defendant.**

**No. 80 C 2992.**

United States District Court,
E. D. New York.

April 14, 1981.

Jose A. Rivera, Brooklyn, N.Y. (Loren Baily, Brooklyn, N.Y., of counsel), for plaintiff.

Guggenheimer & Untermyer, New York City, (David H. Diamond, Fred Kolikoff, New York City, of counsel), for defendant.

## MEMORANDUM AND ORDER

NICKERSON, District Judge.

Plaintiff brought this action alleging claims under 42 U.S.C. § 1981 and Article 15 of the New York Executive Law, known as the Human Rights Law. Defendant has moved pursuant to Rule 12(b) of the Federal Rules of Civil Procedure to dismiss that part of the amended complaint which seeks relief for "retaliation" under § 1981 and the Human Rights Law. Defendant also moves to stay the action pending determination of plaintiff's alleged contractual and administrative remedies.

In substance the amended complaint makes the following allegations. Plaintiff is a black citizen of the United States, employed as a staff nurse by the defendant hospital since 1970. In May 1980 she applied for a promotion to the position of head nurse in the Hemodialysis Unit, a position for which she was qualified. Because of her race and color defendant rejected her and appointed a white nurse with considerably less experience.

In October 1980 plaintiff complained of racial discrimination to the New York State Division of Human Rights and the Federal Equal Employment Opportunity Commission. Because of this defendant subjected her to acts of retaliation and reprisal and continues to do so.

Plaintiff seeks a declaratory judgment, an injunction, promotion with back pay, damages and attorney fees.

Defendant contends that because § 1981 prohibits only discrimination on account of race that section does not apply to a claim of retaliation against an employee for making a charge of racial discrimination. This contention is inconsistent with the reasoning of *DeMatteis v. Eastman Kodak Co.*, 511 F.2d 306, 312 (2d Cir. 1975). There the court sustained a claim under § 1981 asserting that defendant forced plaintiff into retirement "in reprisal for his part in vindicating the right of a black fellow-employee" to make a contract to buy a house from plaintiff.

Defendant relies upon a line of cases following *Tramble v. Converters Ink Co.*, 343 F.Supp. 1350, 1354 (N.D.Ill.1972). *See Takeall v. WERD, Inc.*, 23 FEP Cases 947 (M.D. Fla.1979); *Grant v. Bethlehem Steel*, 22 FEP Cases 680, 686 (S.D.N.Y.1978), *rev'd on other grounds*, 622 F.2d 43 (2d Cir. 1980); *Barfield v. A.R.C. Security, Inc.*, 10 FEP Cases 789, n. 1 (N.D.Ga.1975).

In the *Tramble* case a count of the complaint based on § 1981 alleged that plaintiff told defendant of his intention to complain to various agencies "concerning the defendant's discriminatory employment practices," and in retaliation defendant fired him. Pointing out that § 1981 applied only to racial discrimination, the court dismissed the claim on the ground that "*racial* motivation which is the central crux of a § 1981 action is not necessarily involved in such a retaliatory discharge." 343 F.Supp. at 1354 (emphasis in original).

In *Hudson v. International Business Machines Corp.*, the Second Circuit upheld the district court's dismissal of a retaliation claim under § 1981 but it specifically refused to consider the soundness of the *Tramble* opinion. 620 F.2d 351, 355–356 (2d Cir.), *cert. denied*, —— U.S. ——, 101 S.Ct. 794, 66 L.Ed.2d 611, 24 FEP Cases 827 (1980). Rather, the court rested its affirmance on plaintiff's failure to establish any acts of retaliation. *Id.* at 356.

In *Garcia v. Rush-Presbyterian-St. Luke's Medical Center*, 80 F.R.D. 254, 265–66 (N.D. Ill.1978), another judge from the Northern District of Illinois sustained a § 1981 claim which alleged that defendant discharged the plaintiff in retaliation for her providing assistance to other Latinos who sought to

complain about defendants' discriminatory practices. Because the retaliation was alleged to have been "motivated by racial discrimination," the opinion said that its holding was not inconsistent with the *Tramble* case.

*Winston v. Lear-Siegler, Inc.,* 558 F.2d 1266 (6th Cir. 1977), followed the reasoning of the *DeMatteis* case, *supra,* and upheld a § 1981 claim of a plaintiff who alleged defendant had discharged him for protesting the racially discriminatory discharge of a fellow employee.

■ This court finds no distinction in principle between this case and the *DeMatteis* decision. Here the complaint can fairly be interpreted to allege that defendant retaliated because plaintiff attempted to vindicate her right to be free from racial discrimination. The protection afforded by § 1981 is meaningless unless persons injured by racial discrimination step forward and litigate their claims. If these persons are afraid to seek redress out of fear of retaliation, the remedial purpose of the law will be frustrated. The court therefore denies the motion to dismiss the § 1981 claim of retaliation.

■ Defendant urges that there is no jurisdiction over the claim of retaliation under the State Human Rights Law because the federal claim of discrimination derives from circumstances which arose before plaintiff's application for promotion was rejected, whereas the state claim of retaliation is based on facts which occurred thereafter. In order to show retaliation plaintiff no doubt will have to adduce some facts in addition to those offered to show the initial discrimination. But surely at this stage the court cannot say there is no "common nucleus of operative fact." *United Mine Workers v. Gibbs,* 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966). Presumably the proof as to both claims will concern defendant's attitude toward plaintiff and others of her race. In order to retain jurisdiction of a related claim the court need not find that the proof of both claims will be identical. It is enough that there is such a substantial overlap that it makes good sense to try both in the same action.

Defendant also asks the court to stay the action pending disposition of arbitration and administrative proceedings. In the light of this court's congested calendar the case cannot be reached for trial within the immediate future, and when the court fixes a trial date it can take into consideration the progress of the other proceedings.

The motion is denied. So ordered.