Ruth JOHNSON, Plaintiff-Appellant,

v.

CITY OF CINCINNATI et al.,
Defendants-Appellees.

No. 20946.

United States Court of Appeals,
Sixth Circuit.

Oct. 12, 1971.

E. Winther McCroom, Cincinnati, Ohio, on brief, for plaintiff-appellant.

Richard A. Castellini, Asst. City Sol., Cincinnati, Ohio, for defendants-appellees; William A. McClain, City Sol., Cincinnati, Ohio, on brief.

Before BROOKS, MILLER and KENT, Circuit Judges.

KENT, Circuit Judge.

During the month of December, 1969, the defendants (the parties will be referred to as in the court below) published an announcement that examinations would be held for the position of Housing Inspector for the City of Cincinnati. Included in the advertised qualifications were "Male; 21–60." Plaintiff, a female, went to the office of the Civil Service Commission for the City of Cincinnati to obtain an application for such employment. She was refused the appli-

cation because of her sex. Thereafter this action was commenced under Sections 1983 and 1985(3) of Title 42 U.S. C.

On motion the trial court dismissed the action for failure to state grounds upon which relief could be given. Rule 12, Federal Rules Civil Procedure, Title 28 U.S.C. The trial court in granting the motion, gave as reasons that Sections 1983 and 1985(3) "are general statutes directed at the maladministration and disregard of laws by state officials and designed to protect the citizen against loss of rights accomplished under color of state statute or ordinance." The trial court concluded that the Civil Rights Act of 1964, Title 42 U.S.C. § 2000e–2 pre-empted the discrimination in employment field and because states and their political subdivisions are specifically excluded from coverage under such Act that these defendants cannot be required to answer in court for any alleged discrimination in employment.

At the threshold we are faced with the issue of pre-emption of the general Civil Rights Acts, 42 U.S.C. § 1981 et seq. by the Civil Rights Act of 1964, Title 42 U.S.C. § 2000a et seq. The trial court found that there was such pre-emption. We reverse.

The issue of pre-emption has been presented to the courts on several occasions. In Jones v. Alfred H. Mayer Co., 392 U.S. 409, 88 S.Ct. 2186, 20 L.Ed.2d 1189 (1968), the Supreme Court considered the relationship between Title 42 U.S.C. § 1982, and the Fair Housing provisions of the Civil Rights Act of 1968, 42 U.S.C. § 3601 et seq. The Court concluded that the 1968 Act, despite its detailed provisions, had no effect on § 1982. In Sullivan v. Little Hunting Park, 396 U.S. 229, 90 S.Ct. 400, 24 L.Ed.2d 386 (1969), the Court considered another action brought under 42 U.S.C. §§ 1981 and 1982. The Court there concluded that the specific public accommodations provisions of the Civil Rights Act of 1964, 42 U.S.C. § 2000a, did not supersede the provisions of §

1982. The Court said at page 237 of 396 U.S., page 405 of 90 S.Ct:

"We noted in Jones v. Mayer Co., that the Fair Housing Title of the Civil Rights Act of 1968, 82 Stat. 81, in no way impaired the sanction of 1982. 392 U.S., at 413–417, 88 S.Ct. 2186. What we said there is adequate to dispose of the suggestion that the public accommodations provision of the Civil Rights Act of 1964, 78 Stat. 243, in some way supersedes the provisions of the 1866 Act. For the hierarchy of administrative machinery provided by the 1964 Act is not at war with survival of the principles embodied in § 1982."

Subsequent decisions of the Courts of Appeals have relied upon *Jones* and *Sullivan* to support the conclusion that the sanctions of Title 42 U.S.C. § 1981 et seq. have not been pre-empted by Title 42 U.S.C. § 2000e et seq. (Title 7 of the Civil Rights Act of 1964). Waters v. Wisconsin Steel Works of International Harvester Co., 427 F.2d 476 (7th Cir., 1970); Sanders v. Dobbs Houses, Inc., 431 F.2d 1097 (5th Cir., 1970); Boudreaux v. Baton Rouge Marine Contracting Co., 437 F.2d 1011 (5th Cir., 1971); Young v. International Telephone & Telegraph Co., 438 F.2d 757 (3rd Cir., 1971).

The rules governing statutory repeal by subsequent legislative action are set forth in Posadas v. National City Bank, 296 U.S. 497, 503, 56 S.Ct. 349, 352, 80 L.Ed. 351 (1936):

"There are two well-settled categories of repeals by implication——(1) where provisions in the two acts are in irreconcilable conflict, the later act to the extent of the conflict constitutes an implied repeal of the earlier one; and (2) if the later act covers the whole subject of the earlier one and is clearly intended as a substitute, it will operate similarly as a repeal of the earlier act. But, in either case, the intention of the legislature to repeal must be clear and manifest; otherwise, at least as a general thing, the later act is to be construed as a con-

tinuation of, and not a substitute for, the first act and will continue to speak, so far as the two acts are the same, from the time of the first enactment."

A detailed examination of the legislative history of the Civil Rights Act of 1964, U.S.Code Congressional and Administrative News, 88th Congress, 2d Session, 1964, Volume 2, page 2355 et seq., is completely lacking in enlightenment as to the reasons for including provisions making unlawful discrimination because of sex by private employers. The provisions relating to discrimination because of "sex" do not appear to have been contained in the legislation introduced in either the House or the Senate, and no reference thereto is found in any of the legislative history. The prohibition of discrimination in employment because of "sex" is found in the Act as adopted without any reference thereto in any legislative history.

We cannot find, as required by *Posadas*, that there is any irreconcilable conflict between §§ 1893 and 1985(3) on the one hand and Title 7 of the Civil Rights Act of 1964 on the other. Neither can we conclude that the 1964 Act covers the whole subject of Title 42 U.S.C. § 1981 et seq. There is nothing in the legislative history to demonstrate an intent to repeal §§ 1983 and 1985(3). We hold, therefore, that the enactment of the Civil Rights Act of 1964 does not preclude an action for discrimination in employment based upon §§ 1983 and 1985(3).

■ Traditionally the standard for evaluating employment classifications based on sex has been the "rational basis test". The inquiry must necessarily be whether the classification bears a rational relationship to the achievement of a legitimate purpose. Bosley v. McLaughlin, 236 U.S. 385, 35 S.Ct. 345, 59 L.Ed. 632 (1915); Miller v. Wilson, 236 U.S. 373, 35 S.Ct. 342, 59 L.Ed. 628 (1915), and Muller v. Oregon, 208 U.S. 412, 28 S.Ct. 324, 52 L.Ed. 551 (1908).

The record before us is wholly lacking in evidence from which this Court could reach any conclusion as to the rationale for the defendants' advertised discrimination based upon sex. This is a matter to be considered by the trial court upon remand.

■ On remand it will also be necessary for the trial court to determine which of the defendants, if any, are subject to the provisions of §§ 1983 and 1985(3). We are satisfied that the defendant, City of Cincinnati, is not a "person" within the meaning of the sections cited. Patrum v. City of Greensburg, Kentucky, 419 F.2d 1300 (6th Cir., 1969); Khan v. Garanzini, 411 F.2d 210 (6th Cir., 1969); Bright v. Bishop, 398 F.2d 804 (9th Cir., 1969); Deane Hill Country Club, Inc. v. City of Knoxville, 379 F.2d 321 (6th Cir., 1967); Mayhue v. City of Plantation, Florida, 375 F.2d 447 (5th Cir., 1967); Spampinato v. City of New York, 311 F.2d 439 (2nd Cir., 1962); Agnew v. City of Compton, 239 F.2d 226 (9th Cir., 1956).

Whether or not the Civil Service Commission of the City of Cincinnati is a "person" within the meaning of §§ 1983 and 1985(3) is a matter to be determined by the trial court. There is also a claim on the part of the individual defendants that the members of the Civil Service Commission are quasi-judicial officials, and, therefore, immune from suit under the statutory provisions upon which the plaintiff relies. Puett v. City of Detroit, Dept. of Police, 323 F.2d 591 (6th Cir., 1963); Koch v. Zuieback, 316 F.2d 1 (9th Cir., 1963). Again this is a matter which must be determined by the trial court.

■ In the memorandum opinion the trial court, although not basing its decision on that fact, stated that the issues presented were moot because the defendants' memorandum brief set forth that a lack of funds had made it impossible for the defendants to hire any personnel to fill the position advertised. Laying aside any question as to the manner in which these facts were presented to the

court, it is admitted by the defendants that other individuals have taken the examination for the position for which the plaintiff sought an application and the defendants do not contend that the position will never be filled. Under such circumstances we cannot agree that this case is moot.

For the reasons herein stated the dismissal as to the City of Cincinnati is affirmed. In all other respects the judgment of the District Court is reversed and the case is remanded for further proceedings not inconsistent with this opinion.