**Robert L. FLEENOR, Plaintiff,**

v.

**Captain Robert E. ADAMS et al., Defendants.**

**No. CIV–2–74–98.**

United States District Court, E. D. Tennessee, Northeastern Division.

Aug. 9, 1974.

W. E. Bowman, Jr., Greeneville, Tenn., for plaintiff.

Richard E. Ladd; and Craig Caldwell, Bristol, Tenn., for defendants.

## MEMORANDUM OPINION AND ORDER

NEESE, District Judge.

This is an action for damages for the alleged-deprivation by the defendants of the plaintiff's federally-protected civil rights. The plaintiff undertakes to invoke the jurisdiction of this Court under 42 U.S.C. §§ 1981–1988; however, only a violation of 42 U.S.C. § 1983 is alleged factually.

The defendant City of Bristol, Tennessee moved for a dismissal as to it on the ground that the plaintiff failed to state a claim against it on which relief can be granted. Rule 12(b)(6), Federal Rules of Civil Procedure. Such motion has merit.

■ 42 U.S.C. § 1983 provides:

\* \* \* Every person [emphasis supplied] who \* \* \* subjects, or causes to be subjected, any citizen of the United States \* \* \* to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law \* \* \*.

A Tennessee municipality is not "a person" subject to suit under the civil rights statutes. Deane Hill Country Club, Inc. v. City of Knoxville, C.A. 6th (1967), 379 F.2d 321, 323–324[2], certiorari denied (1967), 389 U.S. 975, 88 S.Ct. 476, 19 L.Ed.2d 467. For such reason, the municipality's aforementioned motion hereby is granted, and as to the defendant City of Bristol, Tennessee, this action hereby is

Dismissed.

The defendants Messrs. Earl C. Mac-Cormac, Ewell L. Easley, C. J. Harkrader, Jr., Virgil Sensabaugh, and Mack Alfred Godsey, Mrs. Dorothy L. Mattison and the defendant United States Fidelity & Guaranty Company also moved for a dismissal or, in the alternative, for a summary judgment. Rule 56(b), Federal Rules of Civil Procedure. The plaintiff made no response thereto. Local Rules 12(b), 11(f).

■■ The plaintiff charges Messrs. Adams and Griffith with specific overt acts against him and seeks only money damages from all the defendants. He makes no claim of overt acts on the parts of the respective aforenamed individual persons, or that such overt acts were directed by, or done with the knowledge and consent of, any of them. His bare claim is that those defendants are liable to him under the doctrine of respondeat superior. Where only monetary damages are sought, the doctrine of respondeat superior does not apply in civil rights cases. Adams v. Pate, C.A. 7th (1971), 445 F.2d 105, 107, n. 2[1]; cf. also Roberts v. Williams, C.A. 5th (1971), 456 F.2d 819, 830–833[9], certiorari denied sub nom. Roberts v. Smith (1971), 404 U.S. 866, 92 S.Ct. 83, 30 L. Ed.2d 110.

The motion of the aforenamed individual persons for a dismissal hereby is granted, and this action hereby is dismissed as to the defendants Messrs. Earl C. MacCormac, Ewell L. Easley, C. J. Harkrader, Jr., Virgil Sensabaugh and Mack Alfred Godsey and Mrs. Dorothy L. Mattison, for failure of the plaintiff to state a claim against any of them on which relief can be granted herein. Rule 12(b)(6), Federal Rules of Civil Procedure.

■ The moving corporate defendant submitted the affidavit of one of its officials, reflecting that such official will testify that such defendant was not surety on any official bond of any of the aforenamed individual persons. The plaintiff has not submitted a counteraffidavit, reflecting that he has any evidence to offer to the contrary. Rule 56(e), Federal Rules of Civil Procedure. The pleadings and affidavit on file showing that there is no genuine issue as to any material fact extant between the plaintiff and the defendant United States Fidelity and Guaranty Company,

**260**

and that such defendant is entitled to a judgment as a matter of law, summary judgment will enter for such defendant and against the plaintiff. Rule 56(c), Federal Rules of Civil Procedure.