William D. CRUTCHER et al., Plaintiffs,

v.

COMMONWEALTH OF KENTUCKY, John Y. Brown, Jr., Governor, et al., Defendants.

Civ. A. No. 80–94.

United States District Court, E. D. Kentucky, Lexington Division.

July 21, 1980.

**602**

Lynn M. Bynum, Louisville, Ky., for plaintiffs.

John Zink, Asst. Atty. Gen., J. Michael Noyes, Ann T. Hunsaker, Dept. for Human Resources, Frankfort, Ky., for defendants.

## MEMORANDUM OPINION AND ORDER

SCOTT REED, District Judge.

William D. Crutcher, plaintiff, has filed a complaint against the Commonwealth of Kentucky, Governor John Y. Brown, Jr., et al., alleging discrimination in employment on the basis of race. Mr. Crutcher asks, *inter alia*, for injunctive relief and damages under 42 U.S.C. Section 1983, 42 U.S.C. Section 2000e, *et seq.* The plaintiff is employed as a senior counselor by the Kentucky Department for Human Resources, Bureau for Manpower Services.

The Commonwealth of Kentucky and Governor John Y. Brown, Jr., defendants, have filed a motion to dismiss plaintiff's complaint. The defendants suggest that by virtue of the Eleventh Amendment of the United States Constitution the Court lacks subject matter jurisdiction. Also, the defendants argue that the plaintiff has failed to state a claim upon which relief may be granted.

> The Eleventh Amendment states that: The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

The Amendment is not in terms applicable to suits against a state by one of its own citizens. However, the immunity it confers has long been recognized to extend to such cases. *Hans v. Louisiana*, 134 U.S. 1, 10 S.Ct. 504, 33 L.Ed. 842 (1890).

The Eleventh Amendment immunity is applicable to suits brought pursuant to 42 U.S.C. Section 1983. *Quern v. Jordan*, 440 U.S. 332, 99 S.Ct. 1139, 59 L.Ed.2d 1139 (1979). That Amendment prohibits a suit against a state by one of its citizens without its consent. *Alabama v. Pugh*, 438 U.S. 781, 98 S.Ct. 3057, 57 L.Ed.2d 1114 (1978). The Commonwealth has not explicitly consented to plaintiff's suit. Participation in a program supported in part by federal funds, without more, does not constitute a waiver of immunity. *Edelman v. Jordan*, 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974). The Commonwealth of Kentucky is immune from suit under 42 U.S.C. Section 1983 by plaintiff Crutcher.

The Eleventh Amendment also affects the relief which may be granted in a suit against Governor Brown in his official capacity. Any retroactive monetary award against Governor Brown would be, in effect, a levy on the resources of the Commonwealth. Such relief is barred by the Eleventh Amendment. *Edelman v. Jordan, supra.* However, in a suit against a state official, prospective injunctive relief is not forbidden by the Amendment. *Id.*

An additional consideration is whether Governor Brown is entitled to such immunity for his alleged acts as to require dismissal of plaintiff's claims against him. Personal involvement of a state official is required before either equitable relief, *Rizzo v. Goode*, 423 U.S. 362, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976) or monetary damages may be awarded, *Adams v. Pate*, 445 F.2d 105 (7th Cir. 1971); *Fleenor v. Adams*, 390 F.Supp. 258 (E.D.Tenn.1974). Also, the Governor, at least in his official capacity, may be entitled to a good faith defense against plaintiff's claims. *Scheuer v. Rhodes*, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1973); *Pierson v. Ray*, 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967).

Paragraph 17 of the plaintiff's complaint may be construed to charge Governor Brown with personal involvement in a plan to adopt discriminatory practices against plaintiff on the basis of race. This is not the only interpretation which may be given

to that paragraph. However, defendant Brown is before the Court on a motion to dismiss for failure to state a claim upon which relief may be granted. Fed.R.Civ.P. 12(b)(6). On such a motion the plaintiff is entitled to have the complaint construed liberally in his favor, and to have the facts alleged in the complaint taken as true. *Elliot v. Caribbean Utilities*, 513 F.2d 1176 (6th Cir. 1975). See also *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

Plaintiff also makes claims against the Commonwealth and the Governor under 42 U.S.C. Section 2000e, *et seq.* This provision was enacted under the authority of Section 5 of the Fourteenth Amendment which limits the reach of the Eleventh Amendment. *Fitzpatrick v. Bitzer*, 427 U.S. 445, 96 S.Ct. 2666, 49 L.Ed.2d 614 (1976).

The enactment of 42 U.S.C. Section 2000e, *et seq.* did not preempt 42 U.S.C. Section 1983 with regard to suits for discrimination in employment. *Johnson v. City of Cincinnati*, 450 F.2d 796 (6th Cir. 1971). Additionally, 42 U.S.C. Section 2000e, *et seq.* provides no greater or lesser protection against discriminatory practices than 42 U.S.C. Section 1983. *Carrion v. Yeshiva University*, 535 F.2d 722 (2d Cir. 1976). Governor Brown's immunity to suit under 42 U.S.C. Section 2000e, *et seq.* will be considered coextensive with that under 42 U.S.C. Section 1983.

IT IS THEREFORE ORDERED:

(1) That the motion of the Commonwealth of Kentucky, defendant, that the claim against it of William D. Crutcher, plaintiff, under 42 U.S.C. Section 1983, be dismissed is hereby GRANTED;

(2) That the motion of the Governor of Kentucky, John Y. Brown, Jr. that the portion of the claim of William D. Crutcher, against him in his official capacity which requests monetary damages under 42 U.S.C. Section 1983, be dismissed is hereby GRANTED;

(3) That the motion of the Governor of Kentucky, John Y. Brown, Jr. that the portion of the claim of William D. Crutcher against him in his official capacity which requests prospective injunctive relief under 42 U.S.C. Section 1983 be dismissed is hereby DENIED;

(4) That the motion of the Governor of Kentucky, John Y. Brown, Jr. that the claim of William D. Crutcher against him individually under 42 U.S.C. Section 1983 be dismissed is hereby DENIED;

(5) That the motion of the Commonwealth of Kentucky and the Governor of Kentucky, John Y. Brown, Jr., individually and in his official capacity, that the claim against them of William D. Crutcher under 42 U.S.C. Section 2000e, *et seq.* be dismissed is hereby DENIED.