Cindy S. SCOTT, Plaintiff,

v.

The CITY OF OVERLAND PARK, et al., Defendants.

Civ. A. No. 83–2219.

United States District Court, D. Kansas.

Sept. 11, 1984.

Arthur E. Palmer, Harold S. Youngentob, Les E. Diehl of the firm of Goodell, Stratton, Edmonds, Palmer & Wright, Topeka, Kan., for plaintiff.

Donald C. Ramsay, Mark D. Hinderks of the firm of Weeks, Thomas & Lysaught, Kansas City, Kan., Phillip L. Harris, Neil R. Shortlidge, Overland Park, Kan., for defendant City of Overland Park.

Jack W.R. Headley, Karen M. Iverson of the firm of Lathrop, Koontz, Righter, Clagett & Norquist, Kansas City, Mo., Michael Norris of the firm of Lathrop, Koontz, Righter, Claggett & Norquist, Overland Park, Kan., Robert A. DeCoursey, Kansas City, Kan., for defendant Donald E. Pipes.

Mary Cracraft, John J. Yates of the firm of Gage & Tucker, Kansas City, Mo., Stephen A. Murphy, Phil M. Cartmell, Jr., R. Scott Beeler of the firm of Gage & Tucker, Overland Park, Kan., for defendant Myron Scafe.

## MEMORANDUM AND ORDER

O'CONNOR, Chief Judge.

This matter is before the court on defendant Pipes' motion for summary judgment; defendants City of Overland Park, Pipes, and Scafe's motion for summary judgment; defendant Scafe's motion to dismiss the Title VII claim; defendants' motion to dismiss claims barred by the statute of limitations; and defendants' motion to dismiss plaintiff's claims of retaliation under Title VII.

Plaintiff is a police officer with the Overland Park Police Department. She has sued the City of Overland Park, Chief of Police Myron Scafe, and City Manager Donald E. Pipes for sex discrimination pursuant to 42 U.S.C. § 2000e *et seq.* and 42 U.S.C. §§ 1983 and 1985(3). She alleges that she has been sexually harassed, denied promotion and training, and retaliated against for filing an EEOC charge and this lawsuit.

■ Summary judgment may be granted when the court is satisfied that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R. Civ.P. 56. Pleadings and documentary evidence are to be construed liberally in favor of the party opposing summary judgment. *Harman v. Diversified Medical Investments Corp.*, 488 F.2d 111 (10th Cir.1973), *cert. denied*, 425 U.S. 951, 96 S.Ct. 1727, 48 L.Ed.2d 195 (1976). The movant must demonstrate beyond a reasonable doubt that he is entitled to summary judgment. *Madison v. Deseret Livestock Co.*, 574 F.2d 1027 (10th Cir.1978); *Mustang Fuel Corp. v. Youngstown Sheet & Tube Co.*, 516 F.2d 33 (10th Cir.1975).

When considering a motion to dismiss, the factual allegations of the complaint must be taken as true, and all reasonable inferences must be indulged in favor of plaintiff. *Mitchell v. King,* 537 F.2d 385 (10th Cir.1976); *Dewell v. Lawson,* 489 F.2d 877 (10th Cir.1974). A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that plaintiff can prove no set of facts in support of her claim which would entitle her to relief. *Kennedy v. Meacham,* 540 F.2d 1057 (10th Cir.1976); *Jorgensen v. Meade Johnson Laboratories, Inc.,* 483 F.2d 237 (10th Cir.1973).

Defendant Pipes has moved for summary judgment on the basis that he has qualified good faith immunity and that he is not subject to suit on plaintiff's Title VII claim because he was not named in the charge. Defendant Pipes filed an affidavit in connection with his motion for summary judgment. Subsequently, he filed a motion for leave to file a corrected affidavit, along with the corrected affidavit. The motion for leave to file corrected affidavit is granted.

Defendant Pipes is the city manager of Overland Park, and in that capacity he has the ultimate authority for promotions in the police department. The City of Overland Park has an elaborate promotion procedure in which eligible candidates are given both a written and a psychological examination. The Civil Service Commission also rates the candidates' personnel files and conducts an interview. The candidates participate in an assessment center in which their behavior is analyzed, and they are given a score on this procedure. The Civil Service Commission rates the candidates at the end of this process, and gives final scores and ratings to the city manager. The chief of police also makes his recommendations to the city manager. The city manager conducts interviews of the candidates and, on the basis of all of this information, makes the final selections for promotion. Defendant Pipes claims that he acted in good faith in that he neither created the promotion process nor designed or administered the examinations.

Pipes' position is that he was "isolated from every phase of the promotion process until he received and acted upon the ranked list of final candidates." We are not persuaded by this argument. As city manager, defendant Pipes had the final authority to make promotions and, in fact, interviewed the candidates. He cannot insulate himself from liability merely by not participating in the examination process. He personally participated in the promotions. He interviewed the candidates and made his determination based not only on the Civil Service Commission rankings, but also on his subjective evaluation.

Defendant Pipes is not entitled to qualified immunity in this action. In the case of *Harlow v. Fitzgerald,* 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982), the Supreme Court established the standard for qualified good faith immunity:

> We therefore hold that government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Id.* at 818, 102 S.Ct. at 2738.

Plaintiff has alleged causes of action against defendant Pipes pursuant to Title VII and 42 U.S.C. § 1983. Her Title VII claim is that she was discriminated against on the basis of her sex. Her § 1983 claim is that the defendants violated her constitutional rights under color of state law, specifically that they violated the Equal Protection Clause of the Fourteenth Amendment. The law regarding sex discrimination is clearly established. Furthermore, defendant Pipes, in his position as city manager and as the person who is in charge of administering the city's affirmative action plan, is in a position to know what the requirements of the law are in this area.

Defendant Pipes cites *Davis v. Scherer,* —— U.S. ——, 104 S.Ct. 3012, 82 L.Ed.2d 139, for the proposition that he had reasonable grounds for not knowing that his actions violated clearly established standards

of conduct in relation to plaintiff. In *Davis*, the plaintiff had allegedly been deprived of due process in connection with his termination from the police department. The Court found that although plaintiff clearly had a right to due process, the kind of hearing required to provide him due process was not clearly established. The situation here is vastly different. Plaintiff alleges that she was not promoted because of her sex. "The right to be free of invidious discrimination on the basis of sex certainly is clearly established, and no one who does not know about it can be called 'reasonable' in contemplation of law." *Goodwin v. Circuit Court of St. Louis County, Missouri*, 729 F.2d 541, 546 (8th Cir.1984). *See also Williams v. City of Montgomery*, 742 F.2d 586, 589 n. 4 (11th Cir.1984).

■ Defendant Pipes is, however, entitled to summary judgment on plaintiff's claims of sexual harassment and retaliation. Pipes has presented evidence that he did not personally participate in, or have any knowledge of, any sexual harassment of plaintiff or any attempts at retaliation against her. Plaintiff has presented no evidence to the contrary. She cannot rest on bare allegations of pleadings and survive summary judgment. Therefore, Pipes is entitled to summary judgment on plaintiff's claims of sexual harassment and retaliation under 42 U.S.C. § 1983 and Title VII.

■ Defendant Pipes also claims that plaintiff can have no cause of action against him under Title VII because she did not name him in her charge. In *Romero v. Union Pacific Railroad*, 615 F.2d 1303 (10th Cir.1980), the Tenth Circuit established factors to be evaluated in determining whether or not a party should be dismissed for failure to name him in the administrative charge. These factors are:

(1) Whether the role of the unnamed party could through reasonable effort by the complainant be ascertained at the time of the filing of the EEOC complaint;

(2) whether, under the circumstances, the interests of a named party are so similar as the unnamed party's that for the purpose of obtaining voluntary conciliation and compliance it would be unnecessary to include the unnamed party in the EEOC proceedings;

(3) whether its absence from the EEOC proceedings resulted in actual prejudice to the interests of the unnamed party;

(4) whether the unnamed party has in some way represented to the complainant that its relationship with the complainant is to be through the named party.

*Id.* at 1311–12.

The administrative charge "must be liberally construed in order to accomplish the purposes of the Act, since such complaints are written by laymen not versed either in the technicalities of pleading or the jurisdictional requirements of the Act." *Id.* at 1311. In examining these factors we note that the role of Pipes as city manager could have been ascertained by the complainant at the time of the filing of the EEOC complaint, inasmuch as he actually interviewed the complainant for the promotion. Therefore, this factor weighs in favor of the defendant. However, the second and third factors weigh in favor of the plaintiff in that the city manager's interests are similar to those of the city and we cannot say that he was actually prejudiced in not being named in the charge. He had knowledge of the EEOC proceedings. Furthermore, to one untrained in the technicalities of the law, it was reasonable for the plaintiff to assume that the city manager's relationship with her was through the City of Overland Park. Therefore, defendant Pipes is not entitled to dismissal on plaintiff's Title VII claim.

■ Defendant Scafe has also moved to dismiss plaintiff's Title VII claims against him for failure to name him in the charge. A copy of the charge filed with the KCCR was attached to the motion. We considered this material in ruling on the mo-

tion, and therefore, gave notice to the parties that the motion would be considered as a motion for summary judgment. We must again analyze the Romero factors as to defendant Scafe. With regard to the first factor, it is unclear whether plaintiff could ascertain the extent of Scafe's role in the promotion process at the time of filing her charge. She had gone through the promotion procedures three times. Moreover, she alleges that she did not have an interview with Scafe in each of the three processes and that she did not know that Scafe recommended to the City Manager who was to be promoted. With respect to the second factor, we do not agree with the defendant's position that his interests are dissimilar from those of the city because he has been sued for punitive damages and the city has not. Scafe has only been sued for punitive damages under plaintiff's §§ 1983 and 1985 claims. That has nothing to do with the Title VII claim. As to the third factor, we do not believe Scafe was prejudiced in any way by not being named in the charge. He was contacted by the KCCR and participated in the investigation. Furthermore, plaintiff named "The City of Overland Park Police Department and its representatives" in the charge. Scafe certainly should have been aware that he was a "representative" of the police department. Finally, we believe it is logical for plaintiff to assume that Scafe's relationship as to her was through the police department. Therefore, defendant Scafe's motion to dismiss the Title VII action should be denied.

Defendants City, Pipes, and Scafe have moved to dismiss plaintiff's complaint to the extent that her claims are outside the applicable statute of limitations. Defendants argue that charges under Title VII must be filed within 180 days of the discriminatory act. Their position is that the charge was filed on August 31, 1982, and therefore, the charge was timely only as to events occurring on or after March 5, 1982. However, in *Mohasco Corp. v. Silver*, 447 U.S. 807, 814 n. 16, 100 S.Ct. 2486, 2491 n. 16, 65 L.Ed.2d 532 (1980), the Supreme Court held that a complainant "need only file his charge within 240 days of the alleged discriminatory employment practice to insure that his federal rights will be preserved" in a deferral state. *See also Smith v. Oral Roberts Evangelistic Assoc.*, 731 F.2d 684, 687 (10th Cir.1984).

 Defendants further argue that any of plaintiff's claims arising prior to June 16, 1981, are barred by K.S.A. 60–513(a)(4). *Garcia v. Wilson*, 731 F.2d 640 (10th Cir. 1984) (*en banc*), established a uniform statute of limitations for civil rights actions pursuant to 42 U.S.C. § 1983. The court held that all such actions are to be construed as injuries to personal rights. The appropriate statute of limitation in Kansas is K.S.A. 60–513(a)(4). The instant case was filed, however, before the *Garcia* decision. The Tenth Circuit, in *EEOC v. Gaddis*, 733 F.2d 1373 (10th Cir.1984), and *Jackson v. City of Bloomfield*, 731 F.2d 652 (10th Cir.1984), analyzed the factors set out in *Chevron Oil Co. v. Huson*, 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971), and determined that the *Garcia* decision should not be applied retroactively. We believe that an analysis of the *Chevron* factors in this case leads to the same result. Therefore, the appropriate statute of limitations in this case is three years.

 The plaintiff argues that regardless of the limitations period, none of her claims are time barred, because she has alleged continuing violations. A continuing violation is:

> based on a showing that an employer continues to implement an illegal system or policy, ... that came into being prior to the limitations period. If employment decisions made under that policy result in constitutional violations within the limitations period, a continuing violation may be shown. A suit challenging a systematic policy is not barred even though the policy began before the limitations period, because the policy itself continues to violate employees' rights.

*Pike v. City of Mission*, 731 F.2d 655, 660 (10th Cir.1984).

The Tenth Circuit has held that "failure to promote" cases are generally continuing in nature. *Rich v. Martin Marietta Corp.*, 522 F.2d 333 (10th Cir.1975). Furthermore, plaintiff's claims of sexual harassment, failure to train, and retaliation are all alleged to be continuing. We agree that plaintiff has sufficiently stated claims for continuing violations. However, we do not agree that plaintiff can be compensated on all her claims. Even though her charge was timely filed as to all continuing violations, *Reed v. Lockheed Aircraft Corp.*, 613 F.2d 757, 759–61 (9th Cir.1980); *Rich v. Martin Marietta Corp., supra,* Title VII limits backpay recovery to two years prior to the date of filing the charge. 42 U.S.C. § 2000e–5(g). Similarly, even though the complaint was timely filed on the § 1983 claims, the plaintiff is limited to recovery of damages within the statute of limitations period of three years in this case. *See Hansbury v. Regents of University of California,* 596 F.2d 944, 949–50 (10th Cir. 1979). *Contra Chung v. Pomona Valley Community Hospital,* 667 F.2d 788 (9th Cir.1982).

Plaintiff has cited *Boyd v. Shawnee Mission Public Schools,* No. 78–2080 (D.Kan., *unpublished,* 9/23/81), in support of the proposition that if a continuing violation is shown, all prior acts are considered timely. In light of the Tenth Circuit authority on this point, we disapprove *Boyd* to the extent it conflicts with this decision.

It follows that defendants' motion to dismiss will be granted to the extent that plaintiff's claims fall outside the applicable limitations periods. We note that although this is a motion to dismiss, the defendants did attach deposition testimony and answers to interrogatories to their reply. This material was not necessary to our determination and was not considered in ruling on this motion, therefore, it was not necessary that the motion be converted to a motion for summary judgment.

The defendants have moved to dismiss the plaintiff's claims of retaliation under Title VII. In her complaint, plaintiff alleged that she was not promoted and was denied training because of her sex and in retaliation for contacting the EEOC in 1973. In her amended complaint, plaintiff also alleged that defendants made attempts to transfer her from the Detective Division and gave her assignments that were meant to reflect negatively on her work performance in retaliation for filing her 1982 charge and this lawsuit.

With respect to the claims of retaliation for filing the 1982 charge, the judges in this district have held that an additional charge is not required. *Coleman v. O'Brien,* No. 80–4238 (D.Kan., *unpublished,* 5/23/84); *Ross v. Kansas Commission on Civil Rights,* No. 81–4132 (D.Kan., ·unpublished, 12/20/82).

As pointed out by the defendants in their motion, *Sanchez v. Standard Brands, Inc.,* 431 F.2d 455 (5th Cir.1970), is the leading case on the scope of the charge.

Allegations in a judicial complaint filed pursuant to Title VII "may encompass any kind of discrimination like or related to allegations contained in the charge and growing out of such allegation during the pendency of the case before the Commission. . . . " In other words, the "scope" of the judicial complaint is limited to the "scope" of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination. *Id.* at 466 [quoting *King v. Georgia Power Co.,* 295 F.Supp. 943, 947 (N.D.Ga. 1968) ].

Plaintiff's claim of failure to promote is expressly contained in the 1982 charge. Although she does not mention the word "retaliation" in her charge, we do not find this to be a fatal flaw. EEOC charges are prepared by those unschooled in the technicalities of the law. In a like manner she does not expressly mention failure to train in the charge. However, it is clear that the claim that she was denied training is bound up with the denial of promotion claims. In her complaint plaintiff alleges that she was not provided training in order "to deny the plaintiff a deserved promotion to the position of sergeant." Clearly, the fact that plaintiff was unable to obtain a promotion

because she was denied the appropriate training is within the scope of her 1982 charge. Therefore, defendants' motion to dismiss plaintiff's claims of retaliation will be denied.

■■■■ Defendants have moved to dismiss plaintiff's claim under 42 U.S.C. § 1985(3). The general rule is that agents of a corporation constitute a single legal entity and therefore cannot conspire for purposes of § 1985(3). *Dombrowski v. Dowling*, 459 F.2d 190 (7th Cir.1972). This rule has also been applied to government agents and employees acting in their official capacities. *See Buntin v. Board of Trustees of Va. Supplemental Retirement System*, 548 F.Supp. 657, 660 (W.D.Va. 1982); *Zentgraf v. Texas A & M University*, 492 F.Supp. 265, 272–73 (S.D.Tex.1980); *Johnson v. Brelje*, 482 F.Supp. 125, 130 (N.D.Ill.1979). *See also Tate v. Alexander*, 527 F.Supp. 796, 807 n. 12 (M.D.Tenn.1981), *modified sub nom. Alexander v. Alexander*, 706 F.2d 751 (6th Cir.1983). Plaintiff has cited a line of cases which have distinguished *Dombrowski* in situations in which the defendants are not accused of a single act of discrimination, but rather a series of discriminatory acts. *See Novotny v. Great American Savings & Loan Ass'n*, 584 F.2d 1235 (3d Cir.1978), *vacated on other grounds*, 442 U.S. 366, 99 S.Ct. 2345, 60 L.Ed.2d 957 (1979); *Craft v. Board of Trustees*, 516 F.Supp. 1317, 1324 (N.D.Ill. 1981); *Rivas v. State Board for Community Colleges*, 517 F.Supp. 467, 471–72 (D.Colo.1981); *Stathos v. Bowden*, 514 F.Supp. 1288, 1291–93 (D.Mass.1981), *modified*, 728 F.2d 15 (1st Cir.1984); *An-Ti Chai v. Michigan Technological University*, 493 F.Supp. 1137, 1166–67 (W.D.Mich. 1980). In *Rivas v. State Board for Community Colleges, supra*, the court stated: "Precedent on this point is mixed and the Tenth Circuit has not made a definitive statement. The common thread, however, through the various decisions is apparent: a conspiracy does not exist among a business entity and its employees where the employees act within the scope of their employment without inconsistent personal motivations." *Id.* at 472. The *Rivas* court

found that *Rackin v. University of Pennsylvania, supra,* and *Jackson v. University of Pittsburgh, supra,* stood for the "proposition that allegations of continual harassment at the hands of individual employees are sufficient to survive dismissal because, in the backdrop of ... discrimination, such allegations express the likelihood that the employees were motivated by a personal ... bias and were not acting out of concern for the best interests of their employer." *Rivas,* 517 F.Supp. at 472. Plaintiff has sued Pipes and Scafe in both their official and individual capacities. She has also alleged continuing discrimination which would tend to infer that defendants Pipes and Scafe were motivated by a personal bias. Therefore, to the extent that they are sued in their individual capacities, plaintiff has stated a claim under § 1985(3). *See Edmonds v. Dillin,* 485 F.Supp. 722, 729 (N.D.Ohio 1980); *Cole v. University of Hartford,* 391 F.Supp. 888, 892 (D.Conn. 1975). However, to the extent it is alleged that they acted in their official capacities, the rule of *Dombrowski, supra,* applies and plaintiff has not stated a claim under § 1985(3).

Defendants also argue that § 1985(3) does not provide a remedy to redress violations of Title VII, citing *Great American Federal Savings & Loan Association v. Novotny,* 442 U.S. 366, 99 S.Ct. 2345, 60 L.Ed.2d 957 (1979). Defendants' reliance on *Novotny* is misplaced. *Novotny* holds that a complainant cannot assert rights created *solely* through Title VII under § 1985(3), but the Court pointed out that its ruling had no effect when a right "independent" of Title VII is sought to be redressed by § 1985(3). *Id.* at 376–78, 99 S.Ct. at 2351–2352. Plaintiff has also alleged that her Fourteenth Amendment rights to equal protection have been violated. This right existed prior to the passage of Title VII. Therefore, *Novotny* is not persuasive in the case at hand. *Owens v. Rush,* 654 F.2d 1370 (10th Cir.1981).

We are also not persuaded by defendants' argument that § 1985(3) does not apply to sex discrimination. In *Griffin v.*

*Breckenridge,* 403 U.S. 88, 102, 91 S.Ct. 1790, 1798, 29 L.Ed.2d 338 (1971), the Court stated that "there must be some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." The *Griffin* Court, however, did not consider whether a class other than race would be sufficient under § 1985(3). The defendants cite *United Brotherhood of Carpenters v. Scott,* 463 U.S. 825, 103 S.Ct. 3352, 77 L.Ed.2d 1049 (1983), for the proposition that sex is not a sufficient class under § 1985(3). The *Scott* Court held that § 1985(3) does not reach conspiracies motivated by economic or commercial animus. The district court and the Court of Appeals for the Fifth Circuit had held that invidiously discriminatory intent other than racial bias would be actionable under § 1985(3). *Scott v. Moore,* 461 F.Supp. 224, 229 (E.D.Tex.1978), *aff'd in relevant part,* 680 F.2d 979, 991 (5th Cir.1982). Although the majority in *Scott* did not reach the question, four dissenting justices stated:

> Congress intended to provide a remedy to any class of persons, whose beliefs or associations placed them in danger of not receiving equal protection of the laws from local authorities. While certain class traits, such as race, religion, sex, and national origin, *per se* meet this requirement, other traits also may implicate the functional concerns in particular situations.

*Id.* at 3368 (Blackmun, J., dissenting, joined by Brennan, Marshall, O'Connor, JJ.).

In interpreting the *Scott* decision, the Tenth Circuit has stated by way of dicta:

> In summary as to the *Scott* opinion, we find nothing therein to give any encouragement whatever to extend § 1985 to classes other than those involved in the strife in the South in 1871 with which Congress was then concerned. In fact from *Scott* we get a signal that the classes covered by § 1985 should not be extended beyond those already expressly provided by the Court.

*Wilhelm v. Continental Title Co.,* 720 F.2d 1173 (10th Cir.1983).

Defendants rely heavily on the above language in *Wilhelm,* but that case dealt with discrimination on the basis of membership in a class of handicapped persons. Neither *Scott* nor *Wilhelm* had anything to do with sex as a class.

Prior to the *Scott* decision, the majority of courts that had addressed the issue held that sex was a sufficient class for § 1985(3) purposes. *See C & K Coal Co. v. United Mine Workers of America,* 704 F.2d 690, 700 (3d Cir.1983); *Padway v. Palches,* 665 F.2d 965, 969 (9th Cir.1982); *Shortbull v. Looking Elk,* 677 F.2d 645, 648 (8th Cir. 1982), *cert. denied,* 459 U.S. 907, 103 S.Ct. 211, 74 L.Ed.2d 168 (1982); *Life Insurance Co. of North America v. Reichardt,* 591 F.2d 499, 505 (9th Cir.1979); *Carchman v. Korman Corp.,* 594 F.2d 354, 356 (3d Cir.), *cert. denied,* 444 U.S. 898, 100 S.Ct. 205, 62 L.Ed.2d 133 (1979); *Novotny v. Great American Federal Savings & Loan Association,* 584 F.2d 1235, 1243 (3d Cir.1978) (en banc), *rev'd on other grounds,* 442 U.S. 366, 99 S.Ct. 2345, 60 L.Ed.2d 957 (1979); *Conroy v. Conroy,* 575 F.2d 175, 177 (8th Cir.1978); *Meiners v. Moriarity,* 563 F.2d 343, 348 (7th Cir.1977) (dicta); *Murphy v. Mt. Carmel High School,* 543 F.2d 1189, 1192 n. 1 (7th Cir.1976) (dicta); *Askew v. Bloemaker,* 548 F.2d 673, 678 (7th Cir. 1976) (dicta); *Johnson v. City of Cincinnati,* 450 F.2d 796 (6th Cir.1971); *Hodgin v. Jefferson,* 447 F.Supp. 804, 808 (D.Md. 1978); *Curran v. Portland Superintending School Committee,* 435 F.Supp. 1063, 1084–86 (D.Maine 1977). It is unclear to what extent these cases have been called into question as a result of the decision in *Scott.*

Subsequent to *Scott,* several courts have held that sex is a sufficient class. *Stathos v. Bowden,* 728 F.2d 15 (1st Cir.1984); *Skadegaard v. Farrell,* 578 F.Supp. 1209 (D.N.J.1984); *Hauptmann v. Wilentz,* 570 F.Supp. 351, 385–86 (D.N.J. 1983) (dicta); *Miami International Realty Co. v. Town of Mt. Crested Butte,* 579 F.Supp. 68, 76 (D.Colo.1984) (dicta); *Eggle-*

*ston v. Prince Edward Volunteer Rescue Squad,* 569 F.Supp. 1344, 1352 (E.D.Va. 1983) (dicta). In light of the fact that the Supreme Court left the question open, we believe these later cases are persuasive and hold that sex is a sufficient class for purposes of § 1985(3).

We cannot accept defendants' argument that plaintiff has not pleaded a conspiracy with sufficient specificity. *Griffin v. Breckenridge,* 403 U.S. 88 (1971), established the test to determine when a complaint has stated a cause of action pursuant to § 1985(3):

> To come within the legislation a complaint must allege that the defendants did (1) "conspire or go in disguise on the highway or on the premises of another" (2) "for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws." It must then assert that one or more of the conspirators (3) did, or caused to be done, "any act in furtherance of the object of [the] conspiracy," whereby another was (4a) "injured in his person or property" or (4b) "deprived of having and exercising any right or privilege of a citizen of the United States."

403 U.S. at 102–03, 91 S.Ct. at 1798–1799. Plaintiff has sufficiently alleged a conspiracy under these standards.

Finally, defendants seek dismissal of plaintiff's § 1983 claims on the ground that the statute does not provide a cause of action for sex discrimination. This statute clearly provides relief when the defendants, acting under color of state law, deprive the plaintiff of her constitutional rights. Among those rights is the right to be free of sex-based discrimination. *See Harless v. Duck,* 619 F.2d 611 (6th Cir.), *cert. denied,* 449 U.S. 872, 101 S.Ct. 212, 66 L.Ed.2d 92 (1980); *Eslinger v. Thomas,* 476 F.2d 225 (4th Cir.1973); *Johnson v. Cincinnati,* 450 U.S. 796 (6th Cir.1971).

In summary, defendant Pipes' motion for summary judgment is granted as to plaintiff's claims of sexual harassment and retaliation, and is denied in all other respects. Defendant Scafe's motion to dismiss the Title VII action is denied. Defendants City, Pipes, and Scafe's motion to dismiss claims as barred by the statute of limitations is granted to the extent plaintiff claims damages pursuant to §§ 1983 and 1985(3) for the period prior to June 16, 1980. Further, any recovery for plaintiff's Title VII claims will be limited to two years prior to the date of filing her charge, or August 31, 1980. Defendants' motion to dismiss plaintiff's claims of retaliation under Title VII is denied. Defendants' joint motion to dismiss plaintiff's §§ 1985(3) and 1983 claims is denied.

IT IS SO ORDERED.